J-S50038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD LEE BAUN, | |
| Appellant | No. 449 WDA 2014 |

Appeal from the Judgment of Sentence entered January 28, 2014,
in the Court of Common Pleas of Mercer County,
Criminal Division, at No(s): CP-43-CR-0001010-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 11, 2014**

Ronald Lee Baun ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to driving under the influence ("DUI"), a second offense within ten years, with a BAC of .188%; resisting arrest; and driving during suspension/DUI-related.[1]

On July 4, 2013, Officer Jack Taggart of the Grove City Police Department observed Appellant driving his vehicle, and from the sound the vehicle was making, and Officer Taggart's visual observations, perceived that Appellant's vehicle had a flat tire.  Affidavit of Probable Cause, 7/4/13. Officer Taggart followed the vehicle, which stopped at a stop sign and then turned right onto Stewart Avenue.  *Id*.  Officer Taggart then observed the

---

[1] 75 Pa.C.S.A. § 3802(c); 18 Pa.C.S.A. § 5104 and 75 Pa.C.S.A. § 1543(b).

vehicle turn left onto West Main Street, where the officer activated his emergency overhead lights. *Id*. Appellant did not stop but continued to travel approximately 20 feet without slowing, and turned right on Kinder Avenue, at which point Officer Taggart activated his siren. *Id*. The vehicle continued to travel away from the officer until it reached a dead end, where Appellant exited and fled on foot. *Id*. Officer Taggart pursued Appellant on foot, identifying himself as a police officer and directing Appellant to stop. *Id*. When Officer Taggart caught up with Appellant after a chase of several hundred yards, the officer tasered Appellant and took him into custody. *Id*. The officer immediately detected the odor of alcohol on Appellant, and saw that Appellant was unsteady on his feet. Appellant was transported to Grove City Medical Center where his blood was drawn. *Id.*

Appellant was subsequently charged with driving under the influence of alcohol (75 Pa.C.S.A. § 3802); fleeing or attempting to elude a police officer (75 Pa.C.S.A. § 3733)(a)); resisting arrest (18 Pa.C.S.A § 5104); driving while his operating privileges were suspended or revoked (75 Pa.C.S.A § 1543(b)(1.1)); operating a vehicle with unsafe tires (75 Pa.C.S.A. § 4525(a); and unauthorized use of an automobile (18 Pa.C.S.A. § 3928(a)).

On November 14, 2013, Appellant pled guilty to driving under the influence, resisting arrest, and driving with a suspended license. Following a hearing on January 28, 2014, the trial court sentenced Appellant to a term

of imprisonment of 18 months to five years for DUI, and a concurrent six to 12 months for resisting arrest, and 90 days for driving during suspension.

Appellant filed a motion to modify sentence *nunc pro tunc* on February 14, 2014, which the trial court denied that same day. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

> I. DID THE SENTENCE COURT ABUSE ITS DISCRETION BY IMPOSING A SENTENCE OF INCARCERATION IN A STATE CORRECTIONAL FACILITY FOR A PERIOD OF NOT LESS THAN EIGHTEEN MONTHS NOR MORE THAN FIVE YEARS FOR THE OFFENSE OF DRIVING UNDER THE INFLUENCE OF ALCOHOL, A SECOND OFFENSE, WITH A BLOOD ALCOHOL LEVEL OF 0.188%, ALONG WITH THE CONCURRENT SENTENCES OF INCARCERATION FOR NOT LESS THAN SIX NOR MORE THAN TWELVE MONTHS FOR THE OFFENSE OF RESISTING ARREST AND NINETY DAYS FOR THE OFFENSE OF DRIVING DURING SUSPENSION-DUI RELATED IN THAT SAID SENTENCES ARE MANIFESTLY EXCESSIVE IN LENGTH AND NOT SPECIFICALLY TAILORED TO THE REHABILITATIVE NEEDS TO THE APPELLANT OR THE ENDS OF JUSTICE AND SOCIETY?
>
> II. DID THE SENTENCE COURT ERR IN IMPOSING RESTITUTION IN THE AMOUNT OF $570.26 IN THAT SAID RESTITUTION WAS NOT SUPPORTED BY THE RECORD?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. In our analysis, we must first determine whether Appellant has the right to seek permission to appeal the sentencing court's exercise of its discretion. In general, "one who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v.***

***Dalberto***, 648 A.2d 16, 20 (Pa. Super. 1994). However, we noted in ***Dalberto*** that "the determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." ***Id.*** at 18. We explained that "where there are specific penalties outlined in the plea agreement, [i.e. negotiated plea] an appeal from a discretionary sentence will not stand[.]" ***Id.*** at 20. Conversely, "where there have been no sentencing restrictions in a plea agreement [i.e., an open plea,] the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing." ***Id***. Where the plea agreement "falls somewhere between a negotiated plea and an open plea[,] our task is to determine the effect of this hybrid plea agreement on the right to challenge the discretionary aspects of a sentence." ***Id.*** at 21. In such circumstances, "we will allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process." ***Id.***

The trial court states that Appellant entered into an "open guilty plea." Trial Court Opinion, 4/17/14, at 1. However, the Commonwealth characterizes Appellant's plea as "negotiated." Commonwealth Brief at 6-7. Appellant does not specify whether his plea was negotiated or open. *See* Appellant's Brief at 5.

We discern from our review of the certified record that Appellant entered into a "hybrid" plea, where the length of his sentence was not agreed upon, but restitution was. At the November 14, 2013 plea hearing, the Commonwealth simply stated, "If [Appellant] will plead guilty to ... DUI ... resisting arrest ... and driving during suspension ... then the Commonwealth will nol-pros the balance of the charges." N.T., 11/14/13, at 2. The Commonwealth did not recommend a sentence. However, within the certified record is a document dated November 14, 2013, signed by both Appellant and "Attorney for Defendant", and entitled "Plea of Guilt." [2] It reads:

### PLEA OF GUILT

I, Ronald Lee Baun, defendant named in the within Information in the above-captioned case, hereby enter a plea of Guilty to the charges of

Ct 1: DUI (2nd offense) 75 Pa.C.S.A. § 3802(c)       M-1

Ct 3: Resisting Arrest 18 Pa.C.S.A. § 5104       M-2

Ct 4: DDS (DUI) 75 Pa.C.S.A. § 1543 (b)(1.1)(i)       Summ

Restitution  $570.26

---

[2] The "Plea of Guilt" was filed on November 18, 2013. The notes of testimony from Appellant's November 14, 2013 plea indicate that Appellant was represented by Dana Flick, Esquire, while the notes of testimony from sentencing on January 28, 2014 indicate that Appellant was represented by Ted Isoldi, Esquire.

Plea of Guilt, 11/14/13.

The "Plea of Guilt" form clearly sets the $570.26 amount of restitution. Furthermore, our review of the sentencing transcript indicates that although the Commonwealth was silent regarding the length of Appellant's sentence, it was unequivocal on the amount of restitution. The following discussion occurred:

| | |
|---|---|
| Assistant District Attorney: | I [forgot] to request restitution in the amount of $570.26 |
| Trial Court: | … That's to Flynn's tires I believe. |
| Assistant District Attorney: | I have it down as Regina O'Connell. |
| Trial Court: | Do you object to the restitution, [Appellant]? |
| Appellant: | The amount I do. |
| Trial Court: | How much do you think you owe? |
| Appellant: | I would have to have estimates on it, but I believe -- |
| Appellant's Counsel: | I'm showing you an estimate right now. We have a receipt from Flynn's appears to show $308.52, so I'm not sure without some documentation, I'm not sure what the other $265 is. |
| Assistant District Attorney: | Actually, Your Honor, ***I believe as part of the plea, we agreed the restitution would be $570.26***. |
| Trial Court: | Is that on your plea sheet? |
| Assistant District Attorney: | It is, Your Honor. |

| | |
|---|---|
| Trial Court: | Do you agree with that [Appellant's Counsel]? |
| Appellant's Counsel: | I don't have a copy of the plea sheet, but ***I see [Appellant] and [his] attorney [at the plea] signed that on the plea sheet, so it was apparently agreed of $570.26***. |
| Trial Court: | [Appellant] shall make restitution to Regina O'Conner [sic] in the amount of $570.26. |

N.T, 1/28/14, at 23-24 (emphasis supplied).

Based on the foregoing, and in accordance with ***Dalberto, supra***, we conclude that Appellant entered into a "hybrid" plea in which the amount of restitution was negotiated, but the length of the sentence was left to the trial court's discretion. Therefore, to the extent that Appellant seeks to challenge his restitution, he is precluded from doing so because that portion of his sentence was negotiated. ***Id.*** at 20. However, because the length of Appellant's sentence was not negotiated, Appellant may raise a discretionary challenge with respect to the length of his sentence.

A discretionary challenge is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the

discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Here, Appellant preserved his discretionary claim in a post-sentence motion, and filed a timely notice of appeal. In addition, Appellant has included a concise statement in his brief. *See* Appellant's Brief at 9-10. We therefore proceed to determine whether Appellant has raised a substantial question for our review.

In his first issue, Appellant argues that "the sentencing court erred in that the sentence imposed was an abuse of discretion because it was excessive in length and not tailored to the appellant's specific needs, the ends of justice or the community's welfare." Appellant's Brief at 12. Appellant essentially claims that his sentence was too harsh. *Id*. at 11-14. "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011). We will address the merits of Appellant's claim.

Appellant contends that "a shorter period of incarceration combined with mandatory rehabilitation would more appropriately meet both the needs of society and the appellant himself." Appellant's Brief at 14. We disagree. Appellant's contention is not supported by our review of the notes of testimony from the sentencing hearing. N.T., 1/28/14, at 14-22. In rejecting Appellant's claim, we rely on the sound reasoning of the trial court, which explained:

> Appellant was sentenced … to undergo the mandatory 90 day minimum term of incarceration for the DUI-related driving during suspension offense as well as a term of incarceration of not less than 18 months nor more than five years in a state correctional facility for the DUI offense, and a term of incarceration of not less than six months nor more than 12 months for the resisting arrest offense, all of which were to be served concurrent with each other and concurrent with any other sentence. … The Court also noted in the sentence that it was the [A]ppellant's fifth lifetime DUI and that he was in "severe need of alcohol treatment" and accordingly directed the Department of Corrections to place [A]ppellant in a therapeutic community. Appellant was also given credit time served of 209 days in the Mercer County Jail.

***

> Appellant [asserts] that the sentence was manifestly excessive in length because it was not specifically tailored to the nature of the offense, the ends of justice and society and the rehabilitative needs of [A]ppellant. It is submitted, however, that the minimum sentence of 18 months of incarceration in a state correctional facility was appropriate and was not excessive in length for various reasons. First, [A]ppellant was on parole for DUI at the time of this offense and had no legal right to be behind the wheel of a car in the first instance because he was already under suspension for DUI. In addition, [A]ppellant's BAC was .188%, which demonstrated a high level of intoxication and his actions that night of operating a vehicle that he was not permitted to use and driving it on the rim with a flat tire was an

additional egregious act. To top it all off, when he was confronted by police, he was combative and fled on foot resulting in the need to be tased by the police which resulted in him being charged with resisting arrest. Guilty Plea Tr. at p. 7 (Nov. 14, 2013).

The record further establishes that while this was [A]ppellant's second DUI within ten years, it was his fifth conviction for DUI before his 39th birthday. Obviously, he is a chronic alcoholic as indicated by the Mortimer Filkins score on his CRN which is "serious evidence that [Appellant] has a pathologic drinking pattern affecting mental health." The record similarly showed this was [A]ppellant's fifth driving during suspension offense and second resisting arrest conviction. Sentence Tr. at p. 15. Appellant admitted that he was in a blackout when this DUI occurred. *Id*. at 19.

Appellant had a prior record score of 5 and an offense gravity score of 5 for the DUI, resulting in standard range guidelines of 12 to 18 months. The aggregate minimum sentence on all three charges was at the top of the standard range, which will be reduced under the Recidivism Risk Reduction Incentive Program (RRRI). 61 Pa. C.S.A. §§ 4501 et seq. (Purdon's 2010). Appellant's RRRI minimum is thirteen months and fifteen days. Moreover, the Sentence Court took into consideration that his criminal activity was a result of his alcoholism and therefore did not impose any consecutive sentence for the resisting arrest and DUI-related suspension offenses. Finally, the Court considered [A]ppellant's need for treatment and directed the Department of Corrections to place him into a therapeutic community.

Simply stated, the sentence was designed to protect the public from a chronic alcoholic with multiple DUIs who drove a motor vehicle even though he had no driving privileges. It was also designed to factor in his disease as the root cause of his criminal offenses by keeping his sentence in the standard range, giving him a RRRI reduction and not imposing consecutive sentences.

Trial Court Opinion, 4/17/14, at 1-4. Given the foregoing, we reject

Appellant's first issue regarding sentencing as meritless.

In his second issue, Appellant contends that "the record did not support the sentencing court ordering restitution in appellant's case." Appellant's Brief at 16. Appellant asserts that the restitution amount of $570.26 should be vacated because "[t]there was no discussion of restitution on the record at the time of appellant's guilty plea on November 14, 2103 or during appellant's sentencing on July [sic] 28, 2014 prior to the sentencing court ordering such." *Id*. at 16-17. As explained above, we disagree with this claim. Our review of the record reveals that on the guilty plea sheet, signed by both Appellant and "Attorney for Defendant", Appellant agreed to pay the amount of $570.26 in restitution, and Appellant's counsel confirmed that agreement at the sentencing hearing. *See* Plea of Guilt, 11/14/13; N.T., 1/28/14, at 24.[3] Therefore, Appellant is precluded from raising a discretionary challenge to this portion of his sentence.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

---

[3] Again, the record indicates that Attorney Flick represented Appellant at his plea, while Attorney Isoldi represented Appellant at sentencing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2014</u>