J-S24030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD JOSEPH MEDELO, | |
| Appellant | No. 2896 EDA 2014 |

Appeal from the Judgment of Sentence entered October 28, 2013
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0003579-2012,
CP-39-CR-0005310-2012 and CP-39-CR-0005314-2012

BEFORE:  GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 14, 2015**

Edward Joseph Medelo ("Appellant") appeals from the judgment of sentence imposed after he pled *nolo contendere* to twelve counts of burglary, two counts of attempted burglary and one count of criminal conspiracy to commit burglary.[1]  We affirm.

The trial court summarized the pertinent facts as follows:

[Between May 8, 2012 and June 11, 2012], [A]ppellant and his confederate burglarized or attempted to burglarize various convenience stores and/or gas stations throughout Lehigh and Northampton Counties.  ...  The modus operandi for this burglary spree was the use of a rock or brick to break windows in order to gain entry into these businesses.  Once inside, primarily cartons of Newport and/or Marlboro cigarettes were stolen.  The spree ended on June 11, 2012, when they attempted to enter a store

---

[1] 18 Pa.C.S.A. §§ 3502(a), 901 and 903(a).

named the Binny Mart by smashing a front window. A passerby observed two males wearing hooded sweatshirts running from the store and called 9-1-1. The vehicle that the suspects used to depart the scene was stopped a short time later, and [A]ppellant's involvement in all of these burglaries was uncovered.

Trial Court Opinion, 10/23/14, at 1-2.

Appellant was arrested and charged with the aforementioned offenses, and on May 14, 2013, he entered an open plea of *nolo contendere*. Following a hearing on October 28, 2013, the trial court sentenced Appellant to an aggregate term of imprisonment of fourteen to twenty-eight years, with eligibility for the Recidivism Risk Reduction Incentive Program ("RRRI"). Appellant filed a post-sentence motion on November 5, 2013, amended on November 7, 2013, which the trial court denied.

On March 25, 2014, Appellant filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act ("PCRA") 42 Pa.C.S.A. §§ 9541-46. Counsel was appointed and on July 3, 2014, filed an amended PCRA petition on Appellant's behalf seeking, *inter alia*, the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. On September 23, 2014, the trial court granted Appellant's PCRA petition in part, and granting him leave to file a notice of appeal *nunc pro tunc*. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

WERE THE SENTENCES IMPOSED EXCESSIVE BECAUSE THE COMMONWEALTH HAD ALREADY OFFERED A MINIMUM SENTENCE OF SEVEN YEARS WHICH IT FELT WAS SUITABLE.

Appellant's Brief at 4.

Although Appellant frames his argument as a challenge to the trial court's sentencing discretion, the basis of Appellant's argument is a claim of trial counsel ineffectiveness. Specifically, Appellant asserts that prior to trial, the Commonwealth informed his trial counsel that it would agree to a negotiated plea agreement to cap the minimum sentence at no more than seven years. Appellant's Brief at 9-11. Appellant claims that his trial counsel did not tell him about the Commonwealth's offer until it had expired, thus precluding Appellant from accepting the offer, contemporaneous with counsel rendering ineffective representation. *Id.* Appellant maintains that he should have received the benefit of the Commonwealth's offer to cap the minimum sentence at seven years, that he was deprived of the benefit of a seven year minimum sentence because his trial counsel did not inform him of the offer, and that in light of the foregoing, it was an abuse of discretion for the trial court to sentence him to fourteen to twenty-eight years of imprisonment. *Id.*

Although Appellant raised the underlying ineffectiveness claim in a PCRA petition and developed it at the September 22, 2014 PRCA hearing, we decline to review it in this direct appeal. Specifically, in his PCRA petition, in addition to seeking reinstatement of his direct appeal rights, Appellant also raised allegations that trial counsel was ineffective for failing to inform him of the Commonwealth's seven-year plea deal. *See* Amended PCRA Petition,

- 3 -

6/3/14. At the PCRA hearing, the trial court heard evidence regarding whether trial counsel was ineffective for failing to preserve Appellant's direct appeal rights, and also whether trial counsel failed to inform Appellant of the Commonwealth's seven-year plea offer.[2] However, at the conclusion of the hearing, the trial court did not make any findings as to whether trial counsel was ineffective with regard to communicating the Commonwealth's plea offer to Appellant. Instead, the trial court ruled solely on whether Appellant's direct appeal rights should have been reinstated.

Although the issue of trial counsel's ineffectiveness was developed at the PCRA hearing, we decline to address it here on direct appeal. Our Supreme Court in *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013), has reaffirmed the general rule that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." In *Holmes*, the Supreme Court "specifically disapproved of expansions of the exception [of] general rule recognized in *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003)," which held that if a claim of ineffectiveness of trial counsel had been fully developed at a hearing devoted to the question of ineffectiveness, such

_____

[2] Appellant's trial counsel was called as a witness and testified extensively that he had informed Appellant of the Commonwealth's plea offer. N.T., 9/22/14, at 11-60.

- 4 -

claim could be reviewed on direct appeal. ***Commonwealth v. Burno***, 94 A.3d 956, 970 (Pa. 2014) *citing **Holmes, supra***.

The High Court recognized only two exceptions to the general rule requiring deferral of ineffectiveness claims to PCRA review, both of which fall within the discretion of the trial judge. In this regard, the Supreme Court explained:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims, including cases such as ***Bomar*** ..., where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown,[1] and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.[2] In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called ***Bomar*** exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.
>
> [1] [I]n short sentence cases the trial court's assessment of good cause should pay particular attention to the length of the sentence imposed and the effect of the length of the sentence will have on the defendant's

realistic prospect to be able to avail himself of collateral review under the PCRA.

2    Unitary review describes the defendant's ability to pursue both preserved direct review claims and collateral claims of trial counsel ineffectiveness on post-sentence motions and direct appeal, and could aptly describe both exceptions we recognize today. However, for purposes of this appeal, we intend the term only to describe the second exception, i.e., that hybrid review which would encompass full-blown litigation of collateral claims (including non-record-based claims).

*Holmes*, 79 A.3d at 563–64 (citations omitted) (footnotes in original).

Here, although Appellant's ineffectiveness claim was developed at the PCRA hearing, it does not fall into either of the *Holmes* exceptions which would permit this Court to address it on direct appeal. Appellant does not argue — nor do we find — that his ineffectiveness claim is of such extraordinary magnitude warranting immediate consideration as to fall within the first exception. The second exception likewise does not apply, as Appellant made no express waiver of future PCRA review. Accordingly, we deny relief without prejudice for Appellant to raise any cognizable ineffectiveness claims in a timely PCRA petition. *See* 42 Pa.C.S. §§ 9543, 9545.

To the extent Appellant claims that the trial court abused its discretion when it imposed a sentence in excess of the seven-year plea deal offered by the Commonwealth, before we reach the merits of such a discretionary claim, we must engage in a four part analysis to determine: (1) whether the

appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. If the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).[3]

Appellant has adequately preserved his claim in his post-sentence motion and filed a timely notice of appeal. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 9. Therefore, we proceed to determine whether Appellant has presented a substantial question for our review.

"A substantial question exi[s]ts only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Clarke*, 70 A.3d 1281, 1286-1287 (Pa. Super. 2013) (citation omitted). Here, Appellant claims that his sentence of fourteen to

---

[3] *See Commonwealth v. Dalberto*, 648 A.2d 16 (Pa. Super. 1994) (holding that a defendant who enters an open plea which does not involve an agreement as to sentence to be imposed, can raise a discretionary challenge to the trial court's sentence).

twenty-eight years was excessive because it exceeded the Commonwealth's plea offer to cap the minimum sentence at seven years. We note, however, that Appellant entered into an open plea by which there was no agreement to restrict the Commonwealth's right to seek the maximum sentences applicable to the charges. *See Dalberto*, 648 A.2d at 20 (citations omitted) ("In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges."); *Commonwealth v. Parsons*, 969 A.2d 1259, 1267 (Pa. Super. 2009). At the time Appellant entered his *nolo contendere* plea, the trial court expressly informed Appellant:

> [T]here's always a minimum and maximum sentence imposed. The minimum is when you're eligible for parole, the maximum is when you are no longer on parole supervision. ... **Under the terms of this plea, your minimum sentence could not be more than seventy-five years in jail, your maximum sentence could not be more than a hundred and fifty years in jail.**

N.T., 5/14/13, at 9-10 (emphasis added).

Thereafter, at the sentencing hearing, the trial court reiterated that Appellant faced a minimum sentence of up to seventy-five years and a maximum of up to one hundred and fifty years. N.T., 10/28/13, at 7-8. Thus, Appellant was well aware that the trial court had the discretion to sentence him to a minimum sentence of up to seventy-five years.

Appellant nevertheless claims that the trial court abused its sentencing discretion by failing to take into consideration the fact that he could have potentially entered into a negotiated plea agreement with the Commonwealth that would cap the minimum sentence at seven years. This claim does not present a substantial question for our review. Because Appellant entered into an open plea, his sentence was left to the discretion of the trial court. *See Dalberto,* 648 A.2d at 20. The fact that the trial court, in fashioning its sentence, declined to impose a sentence commensurate with a failed negotiated plea agreement is neither inconsistent with a specific provision of the Sentencing Code nor contrary to the fundamental norms which underlie the sentencing process.

The record reflects that at the sentencing hearing, Appellant's counsel stated that Appellant "turned down [a Commonwealth offer of] five to ten [and] [there's] an indication that he turned down a seven year offer, and he ended up with an open plea." N.T., 11/28/13, at 13-14. Based on this information, the trial court reasoned that Appellant had rejected the Commonwealth's offers for a negotiated plea in favor of an open plea, and that Appellant understood that there was no agreement as to his sentence. As the trial court explained:

> [Appellant's] claim of excessiveness provides no basis for relief because the sentencing court is not bound by plea agreements which are rejected.

***

- 9 -

[A]ppellant received standard range sentences for each of the fifteen (15) counts. In fact, the sentences imposed were at the bottom end of the standard range of the Sentencing Guidelines. All of the offenses were graded as Felonies of the second degree, and carried a statutory maximum of ten (10) years. If the statutory maximum was imposed for each offense, and ordered to run consecutively, [A]ppellant faced a potential sentence of not less than seventy-five (75) years nor more than one hundred and fifty (150) years in a state correctional institution.

[A]ppellant, a compulsive burglar, received consecutive standard range sentences for fourteen (14) distinct burglaries or attempted burglaries. However, those sentences were far less than what was permitted under the parameters of [A]ppellant's pleas. The sentence of not less than fourteen (14) years or more than twenty-eight (28) years, while severe, fails to raise a substantial question.

Furthermore, the decision to impose the sentences for each of the burglaries consecutively to each other does not present a substantial question. It has frequently been explained that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. ***Commonwealth v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008). A challenge to the imposition of consecutive rather than concurrent sentences generally does not present a substantial question regarding the discretionary aspects of sentence. ***Id***. ...

The one limited exception to this conclusion is when the imposition of a consecutive sentence "raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010)....

[A]ppellant's lifework is committing burglaries. A review of his prior criminal history discloses that, including the fourteen (14) burglaries in this case, [A]ppellant was convicted of committing six (6) burglaries in 2006 and one (1) in 2000. In light of that history alone, the aggregate sentence in this case is not excessive and no substantial question exists.

- 10 -

Trial Court Opinion, 10/23/14, at 4, 8-9 (footnotes omitted). We agree with the trial court's assessment. For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/2015