J-S38043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANIEL ODOM | |
| Appellant | No. 3200 EDA 2016 |

Appeal from the Judgment of Sentence September 13, 2016
in the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0004064-2016

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANIEL ODOM | |
| Appellant | No. 3229 EDA 2016 |

Appeal from the Judgment of Sentence September 13, 2016
in the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0003548-2016

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANIEL ODOM | |
| Appellant | No. 3231 EDA 2016 |

Appeal from the Judgment of Sentence September 13, 2016
in the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0003532-2016

J-S38043-17

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 30, 2017**

Appellant, Daniel Odom, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas following his negotiated guilty and *nolo contendere* pleas at three separate dockets to one count of theft from a motor vehicle,[1] two counts of theft by unlawful taking,[2] and three counts of criminal conspiracy.[3] Appellant's counsel, Patrick J. Connors, Esq., has filed an application to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) Counsel's brief presents the sole issue of whether Appellant's aggregate sentence of twenty-one to forty-two months' imprisonment was harsh and excessive under the circumstances. We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this case are as follows. On September 13, 2016, Appellant entered negotiated pleas of guilty and *nolo contendere* to the aforementioned offenses. In accordance with the plea agreement, Appellant received an aggregate sentence of twenty-one to forty-two months' imprisonment, followed by two years' probation. The trial

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3934(a).

[2] 18 Pa.C.S. § 3921(a).

[3] 18 Pa.C.S. § 903.

- 2 -

court also granted Appellant credit for time served. Appellant did not file any post sentence motions. Appellant filed timely notices of appeal at all three dockets. The trial court subsequently ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel timely responded with a statement of intent to file an *Anders* brief. *See* Pa.R.A.P. 1925(c)(4).

Thereafter, counsel filed an *Anders* brief and an application to withdraw with this Court. As a prefatory matter, we examine whether counsel complied with the requirements of *Anders*, as clarified by the Pennsylvania Supreme Court in *Santiago*.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's reasons for concluding that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted). If counsel complies with these requirements, "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" ***Id.*** at 882 n.7 (citation omitted).

Instantly, counsel provided a factual and procedural summary of the case with citations to the record. ***Anders*** Brief at 4-5. Counsel explained the relevant law, discussed why Appellant's issue is meritless, and determined the appeal is frivolous. ***Id.*** at 6-8. Counsel provided Appellant with a copy of the ***Anders*** brief and a letter advising Appellant of his right to retain new counsel, proceed *pro se*, and raise additional issues in this Court. ***See Orellana***, 86 A.3d at 879-80; Counsel's App. to Withdraw, 4/12/17. In light of the foregoing, we hold counsel has complied with the requirements of ***Santiago***. ***See Orellana***, 86 A.3d at 879-80. Appellant has not filed a *pro se* or counseled brief. We now examine the record to determine whether the appeal is wholly frivolous. ***See id.*** at 882 n.7.

The ***Anders*** brief raises the following issue for our review: whether Appellant's aggregate sentence of twenty-one to forty-two months'

- 4 -

imprisonment was "harsh and excessive under the circumstances[.]" **Anders** Brief at 3. Following a review of the record, counsel determined Appellant's sentence was reasonable. **Id.** at 7.

This Court has stated, "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek discretionary appeal relating to those agreed-upon penalties." **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009) (citing **Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994). "Permitting a defendant to petition for such an appeal would undermine the integrity of the plea negotiation process and could ultimately deprive the Commonwealth of sentencing particulars for which it bargained." **Id.** (citing **Dalberto**, 648 A.2d at 20).

Here, Appellant has no grounds to challenge his sentence. Appellant's plea agreement included a negotiated sentence of twenty-one to forty-two months' imprisonment, followed by two years' probation, in exchange for Appellant's pleas of guilty and *nolo contendere* to the aforementioned offenses. Therefore, Appellant's negotiated plea agreement precludes him from challenging the discretionary aspects of his sentence. **See Brown**, 982 A.2d at 1019.

Furthermore, our independent review of the record reveals no other issues of arguable merit. **See Orellana**, 86 A.3d at 882 n.7. Accordingly,

we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Counsel's application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2017