J-S11037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICARDO MENDEZ-ACEVEDO, | : | |
| | : | |
| Appellant | : | No. 1654 EDA 2015 |

Appeal from the Judgment of Sentence April 10, 2015
in the Court of Common Pleas of Northampton County,
Criminal Division, No(s): CP-48-CR-0003861-2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 19, 2016**

Ricardo Mendez-Acevedo ("Mendez-Acevedo") appeals from the judgment of sentence imposed following his negotiated guilty plea to attempted homicide.[1]  We affirm.

Mendez-Acevedo was charged with attempted homicide and two counts of aggravated assault[2] after shooting Michael Rivera in the face.  On February 5, 2015, Mendez-Acevedo entered into a negotiated plea agreement.  Mendez-Acevedo pled guilty to attempted homicide, and in exchange, the Commonwealth withdrew the aggravated assault charges.  Mendez-Acevedo and the Commonwealth also agreed to a recommended sentence of 9 to 20 years in prison.  The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI").  On April 10, 2015, after

---

[1] 18 Pa.C.S.A. § 901(a).

[2] 18 Pa.C.S.A. § 2702(a)(1), (4).

reviewing the PSI, the trial court sentenced Mendez-Acevedo to the agreed-upon prison term.

On April 20, 2015, Mendez-Acevedo filed a Motion for Reconsideration of Sentence, which the trial court denied. Mendez-Acevedo subsequently filed a timely Notice of Appeal.[3]

On appeal, Mendez-Acevedo raises the following question for our review: "Did the trial [court] abuse [its] discretion by imposing an excessive sentence that failed to consider [Mendez-Acevedo's] age, [] lack of prior record, family background and [] rehabilitative needs?" Brief for Appellant at 4.

Mendez-Acevedo's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v. Mastromino*, 2 A.3d 581, 585 (Pa. Super. 2010).

Here, Mendez-Acevedo entered into a negotiated plea agreement. Therefore, he cannot challenge the discretionary aspects of his sentence on appeal. *See Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super.

---

[3] The trial court contends that the appeal is untimely, as the Notice of Appeal was filed over 30 days after the imposition of sentence. Trial Court Opinion, 7/1/15, at 5. However, Mendez-Acevedo filed a timely post-sentence motion. *See* Pa.R.Crim.P. 720 720(A)(1). Mendez-Acevedo had 30 days from the denial of his Motion for Reconsideration of Sentence in which to file his Notice of Appeal. *See* Pa.R.Crim.P. 720(A)(2)(a); *Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015). Thus, Mendez-Acevedo's appeal is timely.

2015) (holding that a challenge to the discretionary aspects of a negotiated sentence is unreviewable); *see also **Commonwealth v. Dalberto***, 648 A.2d 16, 21 (Pa. Super. 1994) (stating that "in a negotiated plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence…."). [4]

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2016

---

[4] Furthermore, the trial court considered all relevant factors, and had the benefit of a PSI. Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).