J-S53026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JULIO ANGEL BERNARD | |
| Appellant | No. 2487 EDA 2016 |

Appeal from the Judgment of Sentence June 30, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001274-2016
CP-39-CR-0001275-2016
CP-39-CR-0001276-2016

BEFORE: BENDER, P.J.E., OLSON, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 11, 2017**

Appellant, Julio Angel Bernard, appeals from the judgment of sentence entered on June 30, 2016, as made final by the denial of his post-sentence motion on July 12, 2016, following his guilty pleas to the charges of escape, fleeing or attempting to elude police officer, and resisting arrest.[1] We deny Appellant's petition for permission to appeal the discretionary aspects of his sentence.[2]

The trial court summarized the facts of this case as follows:

---

[1] 18 Pa.C.S.A. § 5121, 75 Pa.C.S.A. § 3733, and 18 Pa.C.S.A. § 5104, respectively.

[2] "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014).

On June 9, 2015, while an inmate and incarcerated in the Lehigh County Community Corrections Center, located in Lehigh County, Pennsylvania [] Appellant failed to return to the Corrections Center after being authorized for a two-hour leave from the center to pick up his personal property.

On February 21, 2016, Officer Kenneth Stevens of the Whitehall Township Police Department was in the parking lot of the WalMart, located on MacArthur Road, Whitehall, Lehigh County, Pennsylvania. At that time, he spoke with a driver of a Chrysler minivan that was parked in the fire lane at WalMart. The van was driven by [] Appellant. [] Appellant moved his vehicle and started to drive away. The officer observed [] Appellant's vehicle operating at an unsafe speed through the parking lot and leave the lot quickly.

Officer Stevens followed the vehicle as it headed towards MacArthur Road. As the same vehicle approached Sutler Drive and MacArthur Road, it encountered a red light. Officer Stevens observed the vehicle proceed without hesitation through the steady red light and watched as it turned left onto southbound MacArthur Road. The officer activated his emergency lights and sirens and attempted to stop the vehicle. The minivan did not stop and continued southbound on MacArthur Road at a high rate of speed.

The officer observed his own speedometer, which indicated that he and the vehicle he was following were traveling in excess of 80 miles [per] hour. The vehicle failed to stop at two more red lights. At the intersection of Mickley Road and North Sixth Street, Officer Stevens terminated his pursuit because [] Appellant had left the officer's jurisdiction and had entered the City of Allentown.

As the vehicle entered the City of Allentown, Officer Brian Best of the Allentown Police Department noticed a light-colored blue minivan traveling southbound while being pursued by a marked Whitehall Police vehicle. Officer Best also heard communication from the county radio regarding the pursuit by Whitehall police of a Hispanic male driver. The officer followed the Whitehall Police vehicle and trailed the light colored van, observing the vehicle as [it] proceeded through a stoplight at Seventh and Greenleaf streets. The vehicle continued on Greenleaf Street

- 2 -

until it went in the wrong direction on Eighth Street, then westbound on Cedar Street, nearly striking several pedestrians.

Officer Best lost sight of the blue van near the 1000 block of Cedar Street. Officer Zachary Bubnis of the Allentown Police Department located the van near the 300-block of Fourteenth Street and noticed a Hispanic male driver and a female walk into 320 North Fourteenth Street, Apartment 1, Allentown, Lehigh County, Pennsylvania. The communication center advised the officers that the male driver, later identified as [] Appellant, had an active warrant for his arrest. Officers made contact with the tenants in the apartment. The tenants stated that [] Appellant was not inside but offered [to allow] the officers to check. The officers were able to locate [] Appellant under a bed near the kitchen area. They advised [] Appellant to show his hands.

When [] Appellant got up from under the bed, he clenched both fists together. Again he was advised to show his hands, but [] Appellant refused to comply. A struggle ensued. During the struggle, [] Appellant tried to grab one of the officer's service weapons. After several minutes, officers were able to place [] Appellant into custody.

Trial Court Opinion, 9/20/2016, at 3-5.

On June 30, 2016, Appellant pled guilty to the three aforementioned charges. In exchange, the Commonwealth agreed to the imposition of standard range consecutive sentences on two of the convictions, with the final sentence running concurrently to the others. The trial court accepted the agreement and imposed sentences of one to two years of incarceration for escape, one to two years of imprisonment for fleeing or attempting to elude police (to run consecutively to escape), and six months to two years' incarceration for resisting arrest to run concurrently to the other two convictions. In sum, the trial court sentenced Appellant to an aggregate term of two to four years' imprisonment.

On July 8, 2016, Appellant filed a motion for reconsideration of his sentence arguing that, although the trial court imposed a legal sentence within the standard guideline range, he was entitled to a reduction of his sentence to allow him to serve it in a county correctional facility or treatment center, rather than in state prison. Appellant also averred that the trial court failed to consider his remorse and erroneously relied upon his prior record score, which consisted of remote and non-violent offenses. The trial court denied relief on July 12, 2016. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

1. Whether [the trial c]ourt erred in imposing a harsh and excessive sentence and failed to impose a [c]ounty-served sentence rather than a [s]tate-served sentence. [Appellant] believes he was guaranteed a [c]ounty[-]served sentence as part of, or as an expectation of, his plea agreement, and that the [trial] court abused its discretion by failing to give that sentence.

2. Whether the sentence, as imposed, was harsh and excessive [and] the [trial] court failed to set forth appropriate reasons for the length and nature of the sentence.

Appellant's Brief at 6.

---

[3] Appellant filed a notice of appeal on August 9, 2016, within 30 days of the denial of his motion for reconsideration. *See* Pa.R.Crim.P 720(a)(2)(a); *see also* Pa.R.A.P. 903(a). On August 16, 2016, the trial court issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on September 6, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 20, 2016.

Appellant contends that his "sentence was excessively and unduly harsh given [his] long-standing addiction," and that county prison facilities are better suited at dealing with his addiction. *Id.* at 9, 12-13. He avers that the trial court failed to place its reasons on the record for the imposition of his state prison sentence. *Id.* at 12. Appellant also implicitly challenges the imposition of consecutive sentences. *Id.*

Initially we note that Appellant concedes that "the court sentenced within the sentencing guidelines under **a negotiated** guilty plea which bound the court to do so[.]" *Id.* at 5 (emphasis added); *see also id.* at 9 ("[T]he sentencing court sentenced [] [A]ppellant within the guidelines and in conformity with the negotiated plea agreement[.]"). "[A] guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction[.]" *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (emphasis in original; citations omitted); *see also Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994) ("[I]n a 'negotiated' plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process."). Here, all of the terms of Appellant's negotiated plea agreement were set forth on the record prior to the trial court accepting the plea. *See* Trial Court

Opinion, 9/20/2016, at 8, *citing* N.T., 6/30/2016, at 2-4. The trial court set forth the standard guidelines for each offense prior to accepting Appellant's guilty plea. Appellant then agreed to standard range consecutive sentences for escape and fleeing or attempting to elude police officer, with a standard range sentence for resisting arrest to be served concurrently to the other two convictions. Appellant agreed, on the record, that there were no other promises made to him about sentencing other than those included in the negotiated agreement. Because the terms of Appellant's plea agreement were negotiated, he is now precluded from challenging the discretionary aspects of his sentence.

Appellant also claims "the [sentencing] guidelines themselves were based on prior convictions all related to [Appellant's] addiction and most of which are of significant age thus creating guidelines that overrepresented [Appellant's] criminal proclivity." Appellant's Brief at 5. However, prior to accepting the plea, the Commonwealth set forth the grades of each of the enumerated felonies, the offense gravity scores, the standard ranges for each of the sentences, and Appellant's prior record score of five. N.T., 6/30/2016, at 2-4. Appellant did not object to the use of "five" as his prior record score in calculating the sentencing guidelines. "The absence of a contemporaneous objection below constitutes a waiver of appellant's current claim." **Commonwealth v. Powell**, 956 A.2d 406, 428, (Pa. 2008), *citing* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, Appellant did not

raise this claim in his post-sentence motion as required to preserve a discretionary aspect of sentencing issue. *See Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (an appellant must demonstrate that the issue was properly preserved at sentencing or in a motion to reconsider to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence). Further, Appellant failed to challenge the computation of his prior record score in his Rule 1925(b) concise statement of errors complained of on appeal. Failure to raise issues specifically in a Rule 1925(b) concise statement also results in waiver. *See Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014). Thus, we conclude that Appellant failed to challenge the computation of his prior record score before the trial court and he cannot do so for the first time on appeal. Accordingly, Appellant waived his claim that the trial court failed to use his proper prior record score in applying the sentencing guidelines.

Because Appellant entered a negotiated guilty plea, which contemplated bargained-for sentences, he cannot challenge the trial court's discretion in imposing those sentences. Moreover, Appellant waived his current challenge to the computation of his prior record score. Hence, we deny Appellant's petition for permission to appeal.

Petition for permission to appeal denied. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2017