CIRILLO, Judge:
 

 Joseph H. Dalberto appeals from a judgment of sentence entered in the Court of Common Pleas of Columbia County. We affirm.
 

 
 *394
 
 Following a lengthy sting operation, Dalberto was arrested and charged with a total of thirty-one (31) counts of criminal activity, twenty-six (26) of which included violations of the Controlled Substance, Drug, Device and Cosmetic Act. 35 P.S. § 780-101
 
 et seq.
 
 Dalberto entered a guilty plea to eight (8) counts of delivery of a controlled substance, with a plea bargain contemplating that consecutive sentences would be imposed on no more than two counts; the remaining counts would run concurrent.
 
 [1]
 

 A pre-sentence investigation was completed, and Dalberto was sentenced to twenty-seven (27) to fifty-four (54) months imprisonment on count one, and twenty-seven (27) to fifty-four (54) months imprisonment on count two, to run consecutively. The sentence imposed on the remaining six counts, in accordance with the plea agreement, ran concurrent to count one of the sentence. Thus, the aggregate period of incarceration imposed upon Dalberto was fifty-four (54) to one hundred eight (108) months.
 

 Dalberto filed a petition to modify sentence, alleging that the sentence imposed was “excessive and unjust.” The petition was dismissed without a hearing. This appeal followed.
 

 Dalberto raises the following issues for our consideration:
 
 *395
 
 (1) Whether the trial court abused its discretion in imposing a sentence of imprisonment spanning fifty-four (54) to one hundred eight (108) months, when it failed to consider the significant mitigating circumstances presented by Dalberto’s extensive post-arrest cooperation with law enforcement authorities, the particular circumstances of the offense, and the rehabilitative needs of the defendant?
 

 (2) Where the pre-sentence investigation report was prepared in excess of one year prior to sentencing, must the sentence imposed by the trial court be vacated?
 

 (3) Must the sentencing court’s judgment be vacated for failure to grant a hearing on Dalberto’s motion for reconsideration of sentence, summarily dismissing the same?
 

 Dalberto’s primary argument implicates the discretionary aspects of sentencing. At first blush, it appears as though Dalberto has waived the opportunity to present this challenge. It is firmly established that a plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the
 
 legality
 
 of sentence, and the validity of the guilty plea.
 
 Commonwealth v. Moyer,
 
 497 Pa. 643, 444 A.2d 101 (1982);
 
 Commonwealth v. Unger,
 
 494 Pa. 592, 432 A.2d 146 (1980);
 
 Commonwealth v. Montgomery,
 
 485 Pa. 110, 401 A.2d 318 (1979);
 
 Commonwealth v. Reichle,
 
 404 Pa.Super. 1, 589 A.2d 1140 (1991);
 
 Commonwealth v. Coles,
 
 365 Pa.Super. 562, 530 A.2d 453 (1987). Here, Dalberto does not pose a challenge to the legality of his sentence; under the facts of this case, however, Dalberto will not be precluded from appealing the discretionary aspects of his sentence. Our review of current Pennsylvania case law indicates that the determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached. The facts of this case present an opportunity for further clarification of the consequences of entering into a negotiated plea, as opposed to an open plea. Accordingly, we devote the first portion of this
 
 *396
 
 opinion to an explanation of the effects of plea bargaining
 
 [2]
 
 on subsequent challenges to sentencing.
 

 Pennsylvania has long recognized plea bargaining and plea negotiations as a just method of disposition in criminal cases.
 
 See Commonwealth v. Wilkins,
 
 442 Pa. 524, 277 A.2d 341 (1971);
 
 Commonwealth v. Alvarado,
 
 442 Pa. 516, 276 A.2d 526 (1971);
 
 Commonwealth ex rel. Kerekes v. Maroney,
 
 423 Pa. 337, 223 A.2d 699 (1966);
 
 see also
 
 Pa.R.Crim.P. 319(b).
 
 [3]
 
 “[P]lea bargaining is a vital aide [sic] to the effectuation of criminal justice.”
 
 Commonwealth v. McKee,
 
 226 Pa.Super. 196, 199, 313 A.2d 287, 288 (1973). In the interest of understanding the consequences of the plea bargaining process, there must be a clear distinction made between an “open plea” and a “negotiated plea.” For a defendant challenging the discretionary aspects of his or her sentence after entering a guilty plea, this distinction is crucial in determining whether or not an appeal from such a sentence will stand.
 

 In
 
 Commonwealth v. Coles,
 
 365 Pa.Super. 562, 530 A.2d 453 (1987), this court examined the consequences of
 
 *397
 
 entering into a strictly negotiated plea agreement. The appellee in
 
 Coles
 
 entered guilty pleas to theft charges and, as part of the plea negotiations, the Commonwealth recommended a sentence of imprisonment of not less than two and one-half years, less one day, to not more than five years, less one day, each sentence to run concurrently. The trial judge imposed the recommended sentence. Appellee filed a motion to reconsider the sentence and, following a hearing on the matter, the trial court entered an order reducing appellee’s sentence. The trial court denied the Commonwealth’s motion to vacate the order and the Commonwealth appealed. The issue presented to this court was whether the trial court was prevented from modifying the sentence, since the sentence was a result of plea bargaining negotiations.
 

 Finding that the Commonwealth and the appellee had bargained for a
 
 specific sentence,
 
 we decided that the appellee had “attempted to strip the Commonwealth of the ‘benefit of the bargain’ when he petitioned the judge to unilaterally set aside the bargain.”
 
 Id.
 
 at 568, 530 A.2d at 456.
 

 This was an inappropriate proceeding as by negotiating the sentence accepted by the court, the sentence could not be altered in the absence of mistake, misrepresentation or illegality. To hold otherwise would make a sham of the negotiated plea process and would give the defendant a second bite at his sentence, which we have frequently deplored in the context of withdrawal of a guilty plea.
 

 Id.
 
 Importantly, in discussing the appellee’s motion to modify sentence, the court stated,
 

 where a plea agreement is an
 
 open one
 
 as opposed to one for a negotiated sentence, unquestionably, after sentencing the defendant can properly request reconsideration as the court alone decided the sentence
 
 and no bargain for a stated term, agreed upon by the parties, is involved.
 

 Id.
 
 at 570, 530 A.2d at 457 (emphasis added).
 

 Finding the order modifying the sentence to have been in error, the court concluded that
 

 
 *398
 
 [i]f either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement.
 

 Id.
 
 at 571, 530 A.2d at 458.
 

 Shortly after
 
 Coles
 
 was decided, this court in
 
 Commonwealth v. Becker,
 
 383 Pa.Super. 553, 557 A.2d 390 (1989) suggested a similar approach to negotiated guilty pleas in the context of challenges to the discretionary aspects of sentencing. There, appellant entered a guilty plea to a drunk driving charge, and the trial court sentenced him to the shortest sentence permissible under the mandatory sentencing provisions of the Vehicle Code. Appellant filed a motion to withdraw his guilty plea and also sought modification of his sentence. On appeal, this court found no basis for the withdrawal of the guilty plea. While indicating that a defendant does not waive the right to appeal the legality of sentence upon entry of a guilty plea, this court expressed the following in a footnote:
 

 Though it has often been stated casually that a person who pleads guilty may only challenge the legality of sentence, this is not strictly true.
 
 A defendant, who enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, cannot be said to have granted the sentencing court carte blanche to impose, a discriminatory, vindictive or excessive sentence so long as the legal limits are not exceeded.
 
 Obviously, the entry of a guilty plea does not preclude a petition for allowance of appeal of discretionary aspects of sentence subsequently imposed.
 
 See
 
 [,]
 
 e.g.
 
 [,]
 
 Commonwealth v. Sanchez,
 
 372 Pa.Super. 369, 539 A.2d 840 (1988) (appeal of discretionary aspects of sentence following entry of a guilty plea);
 
 Commonwealth v. Krum,
 
 367 Pa.Super. 511, 533 A.2d 134 (1987) (same).
 

 Becker,
 
 383 Pa.Super. at 557 n. 1, 557 A.2d at 392 n. 1 (1989) (emphasis added).
 

 
 *399
 
 More recently, in
 
 Commonwealth v. Reichle,
 
 404 Pa.Super. 1, 589 A.2d 1140 (1991), it was determined that the appellant had waived the right to appeal the discretionary aspects of her sentence where the plea agreement contained a negotiated sentence. Appellant was charged with two counts of driving under the influence of alcohol (DUI), and entered a plea to one DUI count in exchange for the Commonwealth’s agreement to
 
 nol pros
 
 the remaining charge and recommend the mandatory minimum sentence of 48 hours incarceration. The sentencing court accepted the plea agreement and sentenced appellant to 48 hours imprisonment and 50 hours of community service. A motion to modify sentence was filed and denied. On appeal, appellant challenged the discretionary aspects of her sentence.
 

 In deciding whether to allow appellant’s appeal, the court initially pointed out that the Commonwealth and Reichle had bargained for a particular sentence, and that appellant received precisely what she was promised under the terms of the agreement.
 
 Id.
 
 at 3-4, 589 A.2d at 1141. Considering the specific terms of the negotiated sentence, this court pronounced, “Where the plea agreement contains a
 
 negotiated sentence
 
 which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence.”
 
 Id.
 
 (emphasis added). The court went on to cite
 
 Coles, supra,
 
 for the proposition that permitting a discretionary appeal following the entry of a negotiated plea would make a sham of the negotiated plea process. Ultimately, the court dismissed the appeal.
 

 Coles
 
 and
 
 Reichle
 
 clearly indicate that where there are specific penalties outlined in the plea agreement, an appeal from a discretionary sentence will not stand. Consistent with this reasoning, the
 
 Becker
 
 decision implies that where there have been no sentencing restrictions in a plea agreement, the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. Otherwise stated, the plea agreements in
 
 Coles
 
 and
 
 Reichle
 
 represented “negotiated pleas,” while
 
 Becker
 
 referred to an “open plea.”
 

 In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict
 
 *400
 
 the prosecution’s right to seek the maximum sentences applicable to those charges. At the other end of the negotiated plea agreement continuum, a plea agreement may specify not only the charges to be brought, but also the specific penalties to be imposed.
 

 Commonwealth v. Porreca,
 
 389 Pa.Super. 553, 560, 567 A.2d 1044, 1047 (1989),
 
 rev’d on other grounds in
 
 528 Pa. 46, 595 A.2d 23 (1991).
 
 [4]
 

 With these standards in mind, it becomes clear that Dalberto’s plea agreement falls somewhere between a negotiated plea and an open plea; our task is to determine the effect of this hybrid plea agreement on the right to challenge the discretionary aspects of his sentence. Here, while Dalberto’s plea agreement did not include a specific term of imprisonment, it did place limitations on his sentence,
 
 i.e.
 
 that no more than two of thé charges were to run consecutively. We believe that justice requires that we treat this case as an “open” plea and permit an appeal to the discretionary aspects of sentencing. Thus, we conclude that a plea agreement which recommends that consecutive sentences be imposed, standing alone, will not prevent a subsequent challenge to the discretionary aspects of that sentence. We wish to make clear, however, that we will allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process. Thus, Dalberto’s appeal shall not include an appeal to the consecutive nature of his sentence; this aspect of his sentence has been previously agreed upon. Nevertheless, there exists the potential for a trial court to abuse its sentencing discretion in Dalberto’s situation; the duration of the sentence has not been agreed upon, but is left to the judgment of the trial court. The specific duration of the sentence, therefore, may be challenged. By contrast, in a “negotiated” plea agreement, where
 
 *401
 
 a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process.
 
 Coles, supra.
 

 The case at hand is, of course, different from the situation where a defendant’s attorney, as part of the plea bargain, agrees to recommend a certain sentence, and the trial court then refuses to abide by the recommendation and imposes a sentence greater than the one on which the defendant and the Commonwealth had agreed. In those instances, while challenges to the sentences themselves have been permitted, “[s]uch a claim is not, strictly speaking, a challenge to the excessiveness of the sentence; rather, it is properly addressed to the validity of the appellant’s plea.”
 
 Commonwealth v. Osteen,
 
 381 Pa.Super. 120, 552 A.2d 1124 (1989).
 
 See Commonwealth v. McClendon,
 
 403 Pa.Super. 467, 589 A.2d 706 (1991) (en banc) (plea bargain was limited to what sentence the prosecutor would recommend, not what sentence the court would actually impose, thus, when the prosecutor informed the trial court that the Commonwealth would have no objection to the imposition of concurrent sentences and the judge imposed consecutive sentences, appellant’s motion to withdraw his guilty plea and motion to reduce sentence were denied);
 
 Osteen, supra
 
 (trial court specifically rejected Commonwealth’s recommendation, which induced appellant’s plea, for a term of probation and instead sentenced appellant to a term of imprisonment; appellant filed only a motion to reconsider sentence, whereby the Superior Court addressed the motion as a challenge to both the validity of the guilty plea and excessiveness of sentence, and denied both. Again, the plea bargain was limited to what sentence the prosecutor would recommend);
 
 see also Commonwealth v. Porreca,
 
 528 Pa. 46, 595 A.2d 23 (1991).
 

 Here, Dalberto does not challenge the validity of his plea, rather, he contends that his sentence was excessive. Since we have determined that the term of his plea was not negotiated, and that he has not waived his right to bring such
 
 *402
 
 an appeal, we now address Dalberto’s issue implicating the discretionary aspects of his sentence. “In a challenge to the discretionary aspects of sentence, the appellant must invoke this court’s jurisdiction by including in his or her brief a separate concise statement demonstrating that there exists a substantial question as to the appropriateness of the sentence under the Sentencing Code.”
 
 Commonwealth v. Wright,
 
 411 Pa.Super. 111, 113, 600 A.2d 1289, 1290 (1991);
 
 see Commonwealth v. Tuladziecki,
 
 513 Pa. 508, 511-13, 522 A.2d 17, 19 (1987); Pa.R.A.P. 2119(f).
 
 [5]
 
 Here, Dalberto has included a 2119(f) statement of the reasons for his appeal. We now turn our attention to whether it has presented a “substantial question.”
 

 The legislature of this Commonwealth has vested broad discretion in the trial court to impose an appropriate sentence in each case that comes before it.
 
 Tuladziecki, supra.
 
 It is only where an aggrieved party can articulate clear reasons why the sentence issued by the trial court compromises the sentencing scheme as a whole that we will find a “substantial question” and review the decision of the trial court.
 
 Id.
 
 Specifically, “[w]e are inclined to find the presence of a substantial question where appellant advances a colorable argument that the trial judge’s actions were either inconsistent with the specific provisions of the Sentencing Code, or contrary to the norms which underlie the sentencing process.”
 
 Commonwealth v. Zelinski,
 
 392 Pa.Super. 489, 499-500, 573 A.2d 569, 574 (1990). Dalberto has presented no arguments that the imposed sentence violated any specific provision of the Sentencing Code and, further, has not specified any particular deviation from the fundamental norms underlying the sentencing process.
 

 
 *403
 
 Dalberto questions the appropriateness of the consecutive sentences
 
 [6]
 
 and contends that the trial court failed to consider or mention significant mitigating circumstances, including: Dalberto’s cooperation with law enforcement authorities; the particular circumstances of the commission of the offenses; the repeat nature of the crimes; and Dalberto’s rehabilitative needs. The imposition of a concurrent or consecutive sentence is discretionary.
 
 Commonwealth v. Wienckowski,
 
 371 Pa.Super. 153, 537 A.2d 866 (1988). We will not, as stated above, allow a challenge to the consecutive nature of Dalberto’s sentence, as this portion of the sentence has been previously agreed upon. This notwithstanding, Dalberto received precisely what he was promised under the open plea agreement. Additionally, we have repeatedly held that the mere assertion that the trial court failed to give adequate weight to sentencing factors will not rise to the level of a “substantial question.”
 
 Commonwealth v. Minott,
 
 395 Pa.Super. 552, 577 A.2d 928 (1990) (no substantial question is raised where appellant challenges the discretion of the court in “overemphasizing” or “failing to adequately consider” certain factors);
 
 Commonwealth v. Williams,
 
 386 Pa.Super. 322, 562 A.2d 1385 (1989) (same);
 
 Osteen, supra
 
 (no substantial question presented where appeal merely challenges the weight given various sentencing factors by the trial court). It is clear that Dalberto is simply asking this court to reweigh the mitigating circumstances presented at sentencing and in the pre-sentence report. In light of the foregoing standards, we decline to do so. Dalberto has not presented a substantial question as to the appropriateness of his sentence.
 

 Moreover,
 

 [w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant’s character and weighed those considerations along with mitigating statuto
 
 *404
 
 ry factors. A pre-sentence report constitutes the record and speaks for itself____ Having been fully informed by the pre-sentence report, the sentencing court’s discretion shoúld not be disturbed.
 

 Commonwealth v. Devers,
 
 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). Here, the trial judge had the benefit of a pre-sentence report. While the fact that Dalberto cooperated with various law enforcement agencies after his plea was entered was not made part of the pre-sentence report, the record reflects that the trial judge had the benefit of this knowledge during sentencing. Accordingly, Dalberto was sentenced in the lowest mitigated range permitted by the sentencing guidelines. Dalberto has presented no substantial question for our review; furthermore, the trial judge was in possession of a presentence report. Because Dalberto has failed to invoke this court’s jurisdiction,
 
 Tuladziecki, supra,
 
 we decline to address the merits of his sentencing issue.
 

 In his second issue, Dalberto claims that his sentence must be vacated because the pre-sentence report relied upon by the trial court was prepared in excess of one year prior to the actual imposition of sentence. Dalberto concedes that there exists no appellate case law in support of his proposition. Dalberto baldly asserts that because the trial court based its sentence principally on the information provided in the presentence report, the unrevised report became a “fatal flaw” in the sentencing process. We disagree. The sentencing transcript reveals that Dalberto and his counsel were provided with the pre-sentence investigation report and were permitted to review the report and comment on whether there were any errors or omissions:
 

 BY THE COURT:
 

 Q. Mr. Dalberto, have you had an opportunity to read and review the pre-sentence report?
 

 A. Yes.
 

 Q. Is there anything you wish to state before the sentence is imposed?
 

 
 *405
 
 A. Yes, I have been drug free for the past two years, and I have been gainfully employed for the last two years without missing a day’s work. And, I realize the mistake I have made and tried to help correct it by cooperating.
 

 Q. Is that all you have to say?
 

 A. Yes.
 

 Additionally, as stated above, the trial court was made aware, by both the defense and the Commonwealth, of Dalberto’s cooperation with various law enforcement agencies. Dalberto was given ample opportunity to amend/ehallenge his presentence report. We, therefore, will not disturb the trial court’s sentence on the mere assertion that that the presentence report was “stale.”
 

 Finally, Dalberto asserts that his sentence should be vacated for failure to grant a hearing on the motion for reconsideration of sentence. We disagree.
 

 A petition for modification of sentence is designed to give the sentencing court an opportunity, before appellate review is undertaken, to correct any errors it may have committed at sentencing.... A modification of sentence hearing, therefore, is only necessary if the sentencing record discloses errors by the trial court. Should the modification petition fail to raise such errors, then the trial court is under no obligation to hold an obviously frivolous hearing____ It is within the trial court’s discretion to rely upon the sentencing record.
 

 Commonwealth v. Ziomek,
 
 291 Pa.Super. 251, 254-55, 435 A.2d 894, 896 (1981) (citations omitted).
 

 In his appellate brief, Dalberto states that, “in the spirit of
 
 Ziomek
 
 ... a hearing was necessitated in that the [modification] [p]etition raised a significant error.” Specifically, Dalberto points to paragraph eight of his modification petition, which reveals a challenge to the consecutive nature of his sentencing. For reasons set forth previously in this opinion, it is readily apparent that the trial court committed no error in
 
 *406
 
 this regard. Accordingly, the trial court was under no obligation to hold a hearing on Dalberto’s motion.
 

 Judgment of sentence affirmed.
 

 [1]
 

 . When counsel for both sides arrive at a plea agreement, they are required to state the agreement on the record in open court.
 
 See
 
 Pa.R.Crim.P. 319(b)(2). Here, Dalberto’s written, detailed guilty plea, which fully and correctly informed him of the consequences of his plea, included the following: Terms of plea agreement, if any: "No more than 2 counts consecutive.” The plea was signed and initialed by Dalberto. Additionally, the trial judge conducted an oral guilty plea colloquy. When the trial judge asked if there were any plea negotiations regarding sentencing, the defense attorney announced that "[t]he arrangement would be no more than 26 — the sentences of the deliver count on the sentences would run consecutive, the rest concurrent sentences.” While this response is, at best, confusing, we will acknowledge the plea agreement as it is set forth in both parties’ briefs and the written guilty plea agreement. Since there is no dispute as to the actual terms of the plea agreement, we will overlook the fact that it has not been clearly stated on the record.
 
 See Commonwealth v. Walburn,
 
 249 Pa.Super. 460, 378 A.2d 387 (1977) (failure to place terms of plea agreement on the record does not necessarily lead to grant of new trial).
 

 [2]
 

 . Plea bargaining, as defined in Black’s Law Dictionary, is
 

 [t]he process whereby the accused and the prosecutor in a criminal case work out a mutually satisfactory disposition of the case subject to court approval. It usually involves the defendant’s pleading guilty to a lesser offense or to only one or some of the counts of a multicount indictment in return for a lighter sentence than that possible for the graver charge.
 

 Black’s Law Dictionary 1037 (5th ed. 1979).
 

 [3]
 

 . Rule 319. Pleas and Plea Agreements
 

 (b) Plea Agreements.
 

 (1) The trial judge shall not participate in the plea negotiations preceding an agreement.
 

 (2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.
 

 (3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.
 

 Pa.R.Crim.P. 319(b).
 

 [4]
 

 . The Pennsylvania Supreme Court in
 
 Porreca
 
 determined that, since there was no inquiry into whether the defendant’s plea was induced by an unfulfilled promise or threat, reversal was necessary so that the case could be remanded for a new guilty plea colloquy. Thus, the grounds for reversal did not affect the above quoted language describing the plea bargain continuum.
 

 [5]
 

 . Pennsylvania Rule of Appellate Procedure 2119(f) provides:
 

 (f) Discretionary Aspects of Sentence. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his.brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.
 

 Pa.R.A.P. 2119(f).
 

 [6]
 

 . Particularly, Dalberto concedes that while the trial court imposed sentences on each count within the mitigated range, the net effect of making counts one and two consecutive resulted in a minimum imprisonment period of 54 months, placing the sentence in the aggravated range of the sentencing guidelines.