J-S77036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT LOPEZ, | : | |
| | : | |
| Appellant | : | No. 1725 EDA 2014 |

Appeal from the Judgment of Sentence Entered September 24, 2012
in the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0005161-2011

BEFORE:   STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED FEBRUARY 03, 2015**

Vincent Lopez (Appellant) appeals from his aggregate judgment of sentence of 56 months to 12 years of imprisonment, and restitution in excess of $585,000 entered after he pled guilty to theft by unlawful taking, dealing in proceeds of unlawful activities, and criminal conspiracy.   We affirm.

Appellant was the manager of Plymouth Hills Condominiums, a community of largely elderly residents.  Over the course of nearly a decade, Appellant engaged in a conspiracy to defraud the residents, through the condominium association, of $585,746.51.  Appellant entered an open guilty plea to the above-stated charges on May 2, 2012.  On September 24, 2012, Appellant was sentenced as indicated.   He filed neither post-sentence motions nor a direct appeal.

*Retired Senior Judge assigned to the Superior Court.

On August 5, 2013, Appellant timely filed a petition pursuant to the Post Conviction Relief Act[1] which resulted in the reinstatement of his post-sentence motion rights. Appellant filed a motion for reconsideration of his sentence, which the trial court denied without a hearing by order of May 15, 2014. Appellant filed a notice of appeal on June 11, 2014. The trial court ordered Appellant to file a statement of errors complained of on appeal, which Appellant timely filed on June 20, 2014.

Appellant presents the following question for our consideration: "Did the trial court err by denying, *without hearing*, [Appellant's] motion for reconsideration and/or modification of sentence, such sentence being harsh and excessive under the particular facts and circumstances of the case, especially the trial court's order of restitution?" Appellant's Brief at 2 (emphasis in original; unnecessary capitalization omitted).

Appellant's question raises several issues. First is a claim that the trial court's failure to hold a hearing on Appellant's post-sentence motion constituted error. Appellant argues that "the best chance that the truth has to emerge in any case is provided by an evidentiary hearing where sworn testimony can be presented to the fact-finder with the reliability and veracity of that testimony being tested in the crucible of cross-examination." ***Id.*** at 7. Appellant maintains that he was denied a full and fair opportunity to

---

[1] 42 Pa.C.S. §§ 9541-9546.

show that his sentence was excessive based upon his age, lack of a prior record, ailing knee, and acceptance of responsibility for his crimes. *Id.* at 8.

As the Commonwealth aptly notes, the trial court was under no compulsion to conduct a hearing or oral argument on Appellant's post-sentence motion; rather, the decision whether to schedule such a session was within the trial court's discretion. Commonwealth's Brief at 12 (citing Pa.R.Crim.P. 720(B)(2)(b)). All of the mitigating circumstances Appellant points to in his brief as reasons for reconsideration were fully presented to the trial court at Appellant's original sentencing hearing, and the trial court at that time offered sound reasons for the sentence it imposed. Therefore, the trial court committed no abuse of discretion in declining to give Appellant an opportunity for a repeat performance. *See*, *e.g.*, *Commonwealth v. Dalberto*, 648 A.2d 16, 23 (Pa. Super. 1994) (quoting *Commonwealth v. Ziomek*, 435 A.2d 894, 896 (Pa. Super. 1981)) ("A petition for modification of sentence is designed to give the sentencing court an opportunity, before appellate review is undertaken, to correct any errors it may have committed at sentencing…. A modification of sentence hearing, therefore, is only necessary if the sentencing record discloses errors by the trial court. Should the modification petition fail to raise such errors, then the trial court is under no obligation to hold an obviously frivolous hearing…. It is within the trial court's discretion to rely upon the sentencing record.").

The portion of Appellant's question which addresses the alleged excessive harshness of his sentence constitutes a challenge to the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant's appeal is timely filed, and he filed a post-sentence motion seeking sentence modification. His brief contains the following statement of reasons for allowance of appeal, reproduced here *in toto*:

An order of restitution is a sentence, and such an order may not be excessive and must be based upon facts and evidence of record. A restitution order that is excessive raises a substantial question, especially when the trial court itself found that [Appellant] was unable to comply with the restitution order imposed.

Appellant's Brief at 5 (emphasis and unnecessary capitalization omitted).

- 4 -

Appellant's bald assertion of excessiveness does not raise a substantial question. *See*, *e.g.*, *Commonwealth v. Trippett*, 932 A.2d 188, 202 (Pa.Super. 2007) ("Trippett does not set forth the specific provision of the Sentencing Code or the fundamental norm underlying the sentencing process that the trial court violated in imposing the sentence. Accordingly, we find that Trippett has failed to raise a substantial question that his sentence was excessive.").

Moreover, to the extent that Appellant claims that the trial court abused its discretion in ordering restitution in excess of his ability to pay, he fails to raise a substantial question. Under the mandatory restitution statute, the trial court was required to order restitution for the full amount that Appellant stole; his ability to pay it is irrelevant. *See* 18 Pa.C.S. § 1106(c)(1)(i) ("The court shall order full restitution: … [r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.").

Therefore, we conclude that no issue raised in Appellant's question entitles him to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/3/2015