J-S41002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM ASH, | |
| Appellant | No. 54 MDA 2017 |

Appeal from the Judgment of Sentence December 19, 2016
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0001794-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 14, 2017**

Appellant, William Ash, appeals from the judgment of sentence entered on December 19, 2016.  For the reasons discussed below, we affirm.

On August 18, 2015, Appellant entered a guilty plea[1] to retail theft and conspiracy to commit retail theft.  For reasons that are not apparent, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The parties dispute whether it was a negotiated or open guilty plea. Appellant contends it was a negotiated plea agreement of time served with the sentencing court to set the maximum and the sentence to be made concurrent to other sentences being served by him.  (**See** Appellant's Brief, at 7).  The Commonwealth claims that it was an open guilty plea with the only agreement being that the applicable sentencing ranges were not less than one nor more than nine months of incarceration.  (**See** Commonwealth's Brief, at 3; Commonwealth's Motion for Briefing Schedule and Evidentiary Hearing, 4/01/16, at unnumbered page 1).  As discussed, *infra*, this Court has been unable to obtain the guilty plea-hearing transcript.
*(Footnote Continued Next Page)*

trial court did not sentence Appellant immediately and the court reassigned the case to a different judge for sentencing.

A sentencing hearing took place on December 4, 2015. There is no transcript for that hearing. However, in its August 9, 2016 opinion, the sentencing court describes the events as follows:

> After [Appellant's] case was presented to the Court of Common Pleas, he entered a plea of guilty. According to his plea agreement [Appellant] was to be sentenced to [a] period of incarceration concurrent with other sentences he was serving in the state correctional system. [Appellant's] case was presented to the [c]ourt for sentencing on December 4, 2015.
>
> Given [Appellant's] demeanor and his extensive prior criminal history, this [c]ourt was not in favor of imposing a sentence that called for completely concurrent time. Essentially, we did not wish to provide [Appellant] with a "volume discount" that would enable him to avoid any sort of punishment for the criminal acts he committed within Lebanon County. Accordingly, we rejected the parties' plea agreement. We then entered a [c]ourt [o]rder directing that the case be relisted for trial during the February 2016 term of [c]ourt. We did not afford the Commonwealth with the opportunity to investigate whether it would suffer prejudice, and we did not schedule a hearing regarding [Appellant's] request to withdraw his plea of guilty.

*(Footnote Continued)* ───────────────

However, the written plea colloquy confirms Appellant's version of events, as does the docket and the sentencing court's treatment of the plea as at least partially negotiated. (**See** Written Guilty Plea Colloquy, 8/18/15, at 6; Sentencing Court Opinion, 8/09/16, at 1). **See Commonwealth v. Dalberto**, 648 A.2d 16, 19-21 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995) (discussing difference between negotiated, open, and hybrid guilty pleas).

(**See** Sentencing Court Opinion, 8/09/16, at 2-3; Order, 12/07/15).[2]

On April 1, 2016, the Commonwealth filed a motion for a briefing schedule and evidentiary hearing. In the motion, the Commonwealth stated it could not proceed to trial because of the inability to locate the only witness. (**See** Commonwealth's Motion for Briefing Schedule and Evidentiary Hearing, 4/01/16, at unnumbered page 2).[3] The Commonwealth sought briefing and a hearing on the issue. (**See id.**). Subsequently, on September 27, 2016, the sentencing court reinstated the plea agreement. (**See** Order, 9/27/16, at 3). On December 19, 2016, the court sentenced Appellant to not less than the minimum time already served in the Lebanon County Correctional facility nor more than two years of incarceration in a state correctional facility. (**See** N.T. Sentencing, 12/19/16, at 10-11). The instant, timely appeal followed.[4]

On appeal, Appellant raises the following questions for our review:

_____

[2] There is no written motion to withdraw the guilty plea in the certified record. In a later order, the court states that Appellant never made a formal motion to withdraw. (**See** Order, 9/27/16, at 3). It appears Appellant made an oral motion to withdraw. As discussed, _infra_, it is not clear whether the trial court ruled on the motion. (**See id.**; Sentencing, Ct. Op., at at 1).

[3] It appears that in early 2016, in some manner _dehors_ the record, all parties became aware that the Commonwealth was unable to locate its only witness, the store detective.

[4] Appellant complied with the dictates of Pennsylvania Rule of Procedure 1925(b). **See** Pa.R.A.P. 1925(b).

I. Did the [sentencing c]ourt err by ultimately denying the Appellant's [m]otion to [w]ithdraw [g]uilty [p]lea when the [sentencing c]ourt, at first, granted the Appellant's [m]otion and only subsequently denied the [m]otion upon the Commonwealth filing an untimely objection one hundred and fifteen (115) days after the initial [m]otion to [w]ithdraw was granted?

II. Did the [sentencing c]ourt err by continuing to recognize the Commonwealth's alleged prejudice, denying the Appellant's repeated request to withdraw his plea and proceeding with [s]entencing?

(Appellant's Brief, at 6).[5]

Our scope and standard of review are settled.

Preliminarily, we recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

[T]rial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

_____

[5] Despite raising two questions in its statement of the questions involved, Appellant does not divide his argument into sections, contrary to our rules of appellate procedure. (*See* Appellant's Brief, at 13-19); *see also* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]").

> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, 115 A.3d 1284, 1285, 1291–92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion.

***Commonwealth v. Blango***, 150 A.3d 45, 47 (Pa. Super. 2015), *appeal denied*, 2017 WL 1374163 (Pa. filed Apr. 12, 2017) (citation and footnote omitted).

However, prior to discussing the merits of Appellant's contention, we must first determine whether the record is sufficiently complete to enable our review. As discussed above, several transcripts are missing from the certified record, including, critically, the transcript of the December 4, 2015 proceeding.

While, as quoted above, the sentencing court described the events of that date in its August 9, 2016 opinion, there appear to be important differences between its version of events and those of the parties. For example, the sentencing court believes that it never ruled on Appellant's oral motion to withdraw his guilty plea. (**See** Sentencing Ct. Op., at 3 (stating that it never scheduled a hearing on the motion); **see also** N.T. Hearing, 5/25/16, at 3 (sentencing court stating that one issue **to be resolved** is whether appellant has right to withdraw plea after court rejected it); N.T. Sentencing, 12/19/16, at 5-7 (sentencing court's discussion of how it rejected plea)). However, Appellant maintains that the sentencing court

granted his motion to withdraw the guilty plea. (***See*** Appellant's Brief, at 8; N.T. Sentencing, at 5).[6]  Moreover, Appellant seems to dispute the sentencing court's position (***see*** Trial Ct. Op., at 3), that it immediately scheduled the matter for trial, giving the Commonwealth no opportunity to investigate whether it would be prejudiced.  (***See*** Appellant's Brief, at 8-9) (describing sentencing court granting motion to withdraw, discussing Appellant's purported claim of actual innocence, stating matter was not scheduled for trial until call of list on January 19, 2016, and that Commonwealth subsequently filed multiple motions for continuance).[7]

In the instant matter, the gravamen of Appellant's argument is that the Commonwealth failed to comply with Pennsylvania Rule of Criminal Procedure 591, which allows the Commonwealth ten days to allege prejudice regarding the withdrawal of a guilty plea; and that the Commonwealth acted in a dilatory manner in ascertaining whether it was able to proceed to trial. (***See*** Appellant's Brief, at 12).  In response, the Commonwealth argues that

_____

[6] The Commonwealth also states that the sentencing court granted the motion to withdraw the guilty plea.  (***See*** Commonwealth's Brief, at 3). However, later in its brief, the Commonwealth undercuts this claim, stating, "had the defendant been able to withdraw his plea[.]" (***Id.*** at 7).

[7] The Commonwealth also seems to dispute that the matter was immediately set for trial because of the sentencing court's rejection of the plea; rather, the Commonwealth states that it was Appellant who requested the matter be set for trial.  (***See*** the Commonwealths' Brief, at 3).  However, the Commonwealth contends that Appellant never requested a trial until January 19, 2016.  (***See id.***). We note that there is no transcript of the January 19, 2016 proceeding.

- 6 -

Rule 591 does not apply. (**See** Commonwealth's Brief, at 8). Instead, the Commonwealth argues that Pennsylvania Rule of Criminal Procedure 575(a)(2), concerning pretrial motions controls. (**See id.**). Moreover, the Commonwealth disputes Appellant's claims of a dilatory investigation, arguing that it had no reason to investigate before **Appellant** requested the case be listed for trial in mid-January 2016. (**See id.** at 10-12).

As noted above, in its opinion, the sentencing court's version of the events differs from both Appellant's and the Commonwealth's. (**See** Sentencing Ct. Op., at 2-3). In its opinion, the sentencing court claims that its mishandling of events on December 4, 2015, led to a situation where the Commonwealth had no opportunity to respond to Appellant's oral motion to withdraw the guilty plea because it rejected the plea and immediately scheduled the case for trial. (**See id.** at 1-5).

Thus, our review of the record, the sentencing court opinion, and the briefs of the parties make it clear that the transcript of the December 4, 2015 hearing is critical to determining the issues of whether: (1) the sentencing court rejected the plea; (2) the sentencing court having rejected the plea, ruled on Appellant's oral motion to withdraw his guilty plea; (3) the Commonwealth had an opportunity to respond to the motion; and (4) the sentencing court *sua sponte* scheduled the case for trial or Appellant subsequently requested that the case be listed for trial. We note that

Appellant's request for a transcript only seeks the transcript for sentencing on December 19, 2016.[8] (**See** Request for Transcript, 12/28/16).

We have stated "[w]hen the appellant . . . fails to conform to the requirements of [Pa.R.A.P.] 1911 [relating to transcript requests], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted). Further, it is the appellant's responsibility to make certain that the certified record contains all items necessary to ensure that this Court is able to review his claims. **See Commonwealth v. B.D.G.**, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*). This Court has stated:

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

**Commonwealth v. Martz**, 926 A.2d 514, 524-25 (Pa. Super. 2007), *appeal denied*, 940 A.2d 363 (Pa. 2008) (citations and quotation marks omitted).

In **Commonwealth v. O'Black**, 897 A.2d 1234 (Pa. Super. 2006), we noted

---

[8] This Court made inquiry of the trial court in an attempt to locate the missing transcripts. The trial court informed us that it had not transcribed them because Appellant had not requested that it do so.

that the trial transcript was not in the reproduced or certified record and that our attempt to find the transcript had been unavailing. In finding waiver, we stated,

> . . . this is a far different situation than where there are notes of testimony in the reproduced record, or the notes are referred to by the parties or listed in the record inventory sent to this Court, when we know the transcript or notes of testimony exist but are not in the certified record. In those situations, we well might make an informal inquiry to the trial court to see if there was an error in transmission to this Court or otherwise remand to see if the transcript or notes of testimony can be located and transmitted. Indeed, this is not a situation where [the appellant] alleged error on the part of the clerk in transmitting the record.

*Id.* at 1238.

An appellant's failure to ensure that the original record as certified for appeal contains sufficient documentation to enable the court to conduct a proper review constitutes a waiver of the issue[s] sought to be reviewed on appeal. *See Growall v. Maietta*, 931 A.2d 667, 676 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1164 (Pa. 2008); *see also Smith v. Smith*, 637 A.2d 622, 623-24 (Pa. Super. 1993), *appeal denied*, 652 A.2d 1325 (Pa. 1994). Accordingly, we find that Appellant waived all issues on appeal and we are therefore constrained to affirm.

Judgment of sentence affirmed.

President Judge Gantman joins the Memorandum.

Judge Lazarus files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/2017</u>