**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2202
_____

DOUGLAS BITZER,
                    Appellant

v.

SUPERINTENDENT CAMP HILL SCI;
ATTORNEY GENERAL PENNSYLVANIA;
DISTRICT ATTORNEY LUZERNE COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-18-cv-01954)
District Judge:  Honorable Yvette Kane
_____

Argued:  April 15, 2020
_____

Before:  CHAGARES, SCIRICA, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Opinion filed: July 17, 2020)

Michael C. Kostelaba I **[ARGUED]**
P.O. Box 1321
Wilkes-Barre, PA 18703

    <u>Counsel for Appellant</u>

James L. McMonagle, Jr. **[ARGUED]**
Luzerne County Office of District Attorney
200 North River Street
Wilkes-Barre, PA 18711

Ronald Eisenberg
Office of Attorney General of Pennsylvania
1600 Arch Street
Suite 300
Philadelphia, PA 19103

      <u>Counsel for Appellees</u>

_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Douglas Bitzer, a Pennsylvania state prisoner, appeals from the District Court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the reasons given below, we will reverse and remand.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. In 2016, Bitzer appeared in the Luzerne County Court of Common Pleas to plead guilty to several charges in two bills of criminal information numbered 1327 and 1328. At the plea hearing, the Commonwealth explained that it agreed that Bitzer's sentences for the counts of conviction in case 1327 would run concurrent with his sentences for the counts of conviction in case 1328. Bitzer's counsel highlighted Bitzer's understanding that the Commonwealth also agreed not to object to all sentences within

_____

[*]     This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

each case running concurrently. The Commonwealth confirmed that Bitzer's understanding was correct, and Bitzer entered his guilty plea.

At sentencing, the court ran Bitzer's sentences in case 1327 concurrent with those in case 1328 and imposed concurrent sentences for his convictions in case 1328. But Bitzer received consecutive sentences for his convictions in case 1327. Before sentencing ended, Bitzer's counsel reminded the court that, although not part of their written plea agreement, the Commonwealth had "agreed on the record that [it] would be okay with concurrent sentence[s] on all things, including . . . all the counts of 1327." Appendix ("App.") 35. The sentencing court responded, "I have no memory of that." App. 35. The Commonwealth then represented that "the only agreement was that the cases would run concurrent to each other." App. 36. The sentencing court thus determined that it had "honored" the "plea agreement." App. 36.

On direct appeal to the Superior Court of Pennsylvania, Bitzer asserted that the Commonwealth breached the plea agreement at sentencing. The Superior Court rejected that argument and affirmed Bitzer's judgment of sentence. Commonwealth v. Bitzer, No. 379 MDA 2017, 2017 WL 5951601, at *5 (Pa. Super. Ct. Nov. 27, 2017). The Supreme Court of Pennsylvania denied allowance of appeal. Commonwealth v. Bitzer, 185 A.3d 275, 323 (2018) (per curiam unpublished table decision).

Bitzer timely petitioned the District Court for a writ of habeas corpus under 28 U.S.C. § 2254. Bitzer's petition claimed that the Superior Court's determination that the Commonwealth did not breach the plea agreement was contrary to, or an unreasonable application of, the Supreme Court's decision in Santobello v. New York, 404 U.S. 257

3

(1971). A Magistrate Judge issued a report and recommendation ("R&R"). After noting the Commonwealth's concession that Bitzer had exhausted his state remedies, the Magistrate Judge recommended denying the petition on the merits. The District Court adopted the R&R in full and denied Bitzer's petition.

Bitzer timely appealed. We granted a certificate of appealability as to Bitzer's claim that the Commonwealth breached the plea agreement.

## II.

The District Court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). The District Court did not hold an evidentiary hearing, so our review is plenary. Eley v. Erickson, 712 F.3d 837, 845 (3d Cir. 2013). We therefore review "the last state court decision on the merits," applying "the same standard that the District Court was required to apply" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Id. at 845 & n.10 (quotation marks omitted).

## III.

At the outset, AEDPA requires that we afford deference to a state court's conclusions of law.[1] Federal habeas relief may be granted if a state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable

---

[1] AEDPA also provides that the state court's findings of fact are presumptively correct absent clear and convincing evidence to rebut them. 28 U.S.C. § 2254(e)(1). Here, the parties do not contest the Superior Court's factual findings.

4

application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Bitzer argues that the Superior Court's decision was contrary to, or an unreasonable application of, clearly established law in the Supreme Court's Santobello decision. There, the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello, 404 U.S. at 262. Bitzer explains that the Commonwealth breached a promise that induced his guilty plea when the Commonwealth told the sentencing court that it only agreed to run the sentences in case 1327 concurrent with those in case 1328, when, in fact, the Commonwealth also had agreed that it would not object to concurrent sentences in each case.

We are persuaded that the Superior Court's decision involved an unreasonable application of clearly established law in the Santobello case. "When a criminal defendant claims that the government breached its plea agreement, the first step is to define what the government agreed to do." Dunn v. Colleran, 247 F.3d 450, 458 (3d Cir. 2001). The Superior Court determined that "the parties entered into a hybrid plea agreement."[2] Bitzer, 2017 WL 5951601, at *4. In their written plea agreement, the parties "specifically negotiated" that the sentences in case 1327 would run concurrent with those in case 1328. Id. And the Commonwealth "stated on the record that it would not object to the

---

[2]     A "hybrid plea agreement" is one that "falls somewhere between a negotiated plea and an open plea." Commonwealth v. Dalberto, 648 A.2d 16, 21 (Pa. Super. Ct. 1994).

imposition of concurrent sentences on each count within the two, separate informations," but "there was no express agreement that compelled the trial court to impose concurrent sentences on all of the counts contained in a single case." Id. at *5.

Based on the promise not to object to concurrent sentences in each case, the Superior Court recognized that the Commonwealth was obligated "to do nothing more than to inform the sentencing court that it had no objection to concurrent sentences." Id. at *3, *5 (quotation marks omitted). Still, the Superior Court concluded that the Commonwealth's representation at sentencing — that the only agreement was to run the sentences for cases 1327 and 1328 concurrent with each other — did not breach its obligation because the sentencing court was not bound to impose concurrent sentences in each case, and Bitzer acknowledged that before pleading guilty. Id. at *5.

The Superior Court's decision involved an unreasonable application of clearly established law in the Santobello decision. Although the sentencing court was not bound by the Commonwealth's promise not to object, the Commonwealth was required to adhere to its promise. Indeed, in the Santobello case, the Supreme Court vacated a defendant's conviction when a prosecutor breached a plea agreement, even though the breach "did not influence" the sentencing court. 404 U.S. at 262. "[T]he Supreme Court clearly established that" if a prosecutor fails to fulfill a promise in a plea agreement, "that breach must be remedied regardless of whether the defendant was prejudiced thereby." Dunn, 247 F.3d at 458 (citing Santobello, 404 U.S. at 261–63); see also Puckett v. United States, 556 U.S. 129, 141 (2009) (noting that if a breach of a plea agreement has been established, "Santobello did hold that automatic reversal is warranted when objection to

6

the Government's breach of a plea agreement has been preserved").  Thus, the Superior Court's decision involved "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Wilkerson v. Superintendent Fayette SCI, 871 F.3d 221, 228 (3d Cir. 2017) (quotation marks omitted).

IV.

Because the Superior Court unreasonably applied clearly established law, "we no longer owe deference to the state court's legal conclusions, . . . but still must presume that state-court factual findings . . . are correct unless the presumption is rebutted by clear and convincing evidence."  Vickers v. Superintendent Graterford SCI, 858 F.3d 841, 850 (3d Cir. 2017) (quotation marks omitted).  This is "because, despite applying an improper analysis, the state court still may have reached the correct result, and a federal court can only grant the Great Writ if it is firmly convinced that a federal constitutional right has been violated."  Id. at 849 (quotation marks omitted).

The Commonwealth posits that it upheld its promise not to object to concurrent sentences in each case because it did not raise an objection when Bitzer advocated for concurrent sentences in case 1327.  We disagree.  When Bitzer pointed out that the Commonwealth had agreed that it would not object to concurrent sentences in each case, the sentencing court stated it had no memory of that agreement.  The Commonwealth then effectively denied that it ever made such a promise:  it represented that "the only

7

agreement was that the cases would run concurrent to each other." Bitzer, 2017 WL 5951601, at *4 (emphasis added) (quotation marks omitted).

The Commonwealth's representation violated the Supreme Court's Santobello decision because it did not "articulate" or "even hint at," and was "inconsistent with," the Commonwealth's promise that it would not object to concurrent sentences in each case. Dunn, 247 F.3d at 460. Because the Commonwealth's representation was "inconsistent with what" Bitzer "reasonably understood" to be the terms of his plea agreement, the Commonwealth breached its obligations in violation of Santobello. United States v. Miller, 833 F.3d 274, 284 (3d Cir. 2016); see also United States v. Nolan-Cooper, 155 F.3d 221, 236, 237 (3d Cir. 1998) (determining that the federal Government breached its promise "not to oppose" a defendant's position on a Guidelines enhancement where the Government's remarks "serve[d] as a possible basis for the district court to ignore" that promise (quotation marks omitted)).

Thus, the Santobello error "requires relief." Dunn, 247 F.3d at 461.[3] Bitzer seeks vacatur of his sentence, but we will not decide that issue. "[W]hen we find that a state prosecutor has breached a plea agreement," we "refer the issue of remedy to the state court." Id. at 462; see also Kernan v. Cuero, 138 S. Ct. 4, 8 (2017) (per curiam)

---

[3]  Ordinarily, we would consider whether a Santobello error was harmless before deciding that the error merits habeas relief. See Dunn, 247 F.3d at 463 (assuming without deciding that Santobello violations are reviewed for harmless error before habeas relief may be granted). But the Commonwealth forfeited "the harmless error defense by failing to assert it." Bennett v. Superintendent Graterford SCI, 886 F.3d 268, 288 (3d Cir. 2018).

8

(explaining in a § 2254 case that <u>Santobello</u> left the "ultimate relief" to "the discretion of the state court" (quoting 404 U.S. at 263)).

V.

For these reasons, we will reverse the District Court's order denying Bitzer's petition for a writ of habeas corpus and remand with instructions that it issue a writ of habeas corpus ordering Bitzer's release if the state court does not remedy the breach of the plea agreement within a reasonable period of time.