J-S16045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                            :
           v.                              :
                                            :
                                            :
PATRICK SHEVLIN                 :
                                            :
             Appellant               :     No. 1672 EDA 2020

Appeal from the Judgment of Sentence Entered August 6, 2020
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000187-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED JUNE 22, 2021**

     Appellant, Patrick Shevlin, appeals from the judgment of sentence entered in the Court of Common Pleas of Pike County following his guilty plea to the sole charge of drug delivery resulting in death, 18 Pa.C.S.A. § 2506(a). After a careful review, we affirm.

     The relevant facts and procedural history are as follows: On April 21, 2018, the Port Jervis Police Department effectuated a stop of Appellant's vehicle in New York. N.T., 8/6/20, at 7. The Port Jervis police discovered "in excess of two hundred bags" of heroin in Appellant's possession. ***Id.***

     On September 24, 2019, Detective Michael Jones of the Pike County, Pennsylvania, Criminal Investigation Division received a report from a Port

---

[*] Former Justice specially assigned to the Superior Court.

Jervis police officer, as well as a New York State trooper, advising that Eric Ramalho died in Port Jervis, Orange County, New York, as a result of a drug overdose. *See* Affidavit of Probable Cause, filed 3/30/20. The report further advised that, based on an investigation, the New York authorities determined Mr. Ramalho purchased the illegal drugs, which caused his death, from Appellant at a Turkey Hill in Matamoras Borough, Pike County, Pennsylvania, on April 19, 2018. *Id.* Detectives Jones then investigated the matter in Pennsylvania, including seizing surveillance footage from cameras at the Turkey Hill in Pike County. *Id.*

Appellant was charged with various crimes in New York, and he pled guilty to possession with the intent to deliver a controlled substance with regard to the heroin seized by the Port Jervis police during the April 21, 2018, traffic stop.[1] N.T., 8/6/20, at 12-13. He received a sentence in New York of five years in prison.

On March 30, 2020, Appellant was charged in Pike County, Pennsylvania, with various crimes in connection with the April 19, 2018, sale of the illegal drugs to Mr. Ramalho. On July 2, 2020, Appellant entered a guilty plea to the sole charge of drug delivery resulting in death, and in exchange, the Commonwealth dismissed the remaining charges. Further, the

_____

[1] The State of New York also charged Appellant with the sale of a controlled substance; however, this charge was dismissed in New York after it was discovered the sale of the controlled substance leading to Mr. Ramalho's death occurred in Pike County, Pennsylvania. *See id.* at 12.

Commonwealth agreed to recommend a sentence of "six years to the max to be determined by the [trial] court." *Id.* at 11. The plea agreement left open for the trial court's discretion the issue of whether the sentence imposed in Pennsylvania would run concurrently or consecutively to the sentence previously imposed in New York. *Id.* at 12.

On August 6, 2020, Appellant, who was represented by counsel, proceeded to a sentencing hearing at which the trial court specifically indicated it was "agreeable to imposing a six-year minimum sentence[.]" *Id.* The trial court reviewed a pre-sentence investigation report, considered the sentencing guidelines, heard arguments from both parties, and provided Appellant with his right of allocution. The trial court reviewed the victim impact statement from Mr. Ramalho's mother, who indicated she did not want her son's friend, Appellant, to receive any additional prison time. *Id.* at 10.

After stating its reasons on the record, the trial court imposed a sentence of six years to eighteen years in prison, to run consecutively to the sentence Appellant was serving in the State of New York. *See id.* at 11-13.

On August 13, 2020, Appellant filed a timely counseled motion for the reconsideration of his sentence. Therein, Appellant averred the trial court abused its discretion in imposing the Pike County sentence consecutively, as opposed to concurrently, to the sentence imposed on Appellant in New York.

On August 18, 2020, the trial court denied Appellant's motion for reconsideration, and this timely counseled appeal followed on September 4, 2020. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issue in his "Statement of the Questions Involved" (verbatim):

> Whether the trial court abused its discretion in sentencing Appellant to a sentence of six (6) years, to run consecutive to a criminal sentence, Indictment No.: 2018-295, in Orange County, New York, of five (5) years, despite the severity of the New York sentence, as well as victim impact testimony requesting leniency from the trial court?

Appellant's Brief at 2 (suggested answer omitted).

Appellant's sole issue on appeal presents a challenge to the discretionary aspects of his sentence.[2] ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013) ("Generally, Pennsylvania law affords the

---

[2] In general, "one who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. Dalberto***, 648 A.2d 16, 20 (Pa.Super. 1994). However, "the determination of whether discretionary aspects of sentencing may be challenged after a guilty plea is entered depends upon the actual terms of the plea bargain, specifically, to what degree a sentence agreement has been reached." ***Id.*** at 18. Where the plea agreement falls somewhere between a negotiated plea and an open plea, as occurred in the case *sub judice*, "our task is to determine the effect of this hybrid plea agreement on the right to challenge the discretionary aspects of a sentence." ***Id.*** at 21. In such circumstances, "we will allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process." ***Id.***

In the case *sub judice*, Appellant's plea agreement gave the trial court the discretion to impose Appellant's sentence concurrently or consecutively to his New York sentence. Thus, the fact Appellant entered a guilty plea does not preclude him from seeking review of this discretionary aspect of his sentence on appeal. ***See Dalberto***, ***supra***.

- 4 -

sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.") (quotation marks and quotation omitted));

**Commonwealth v. Lloyd**, 878 A.2d 867 (Pa.Super. 2005) (holding the imposition of consecutive sentences, rather than concurrent sentences, is within the sound discretion of the sentencing court).

"It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." **Commonwealth v. Mastromarino**, 2 A.3d 581, 585 (Pa.Super. 2010) (citation omitted).

> Before we reach the merits of [Appellant's issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super. 2006) (citations omitted).

In the instant case, Appellant has filed a timely notice of appeal, and he has preserved his issue in a timely motion to modify his sentence. However, an examination of Appellant's brief reveals he has failed to include a separate

Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance

of appeal with respect to the discretionary aspects of his sentence.[3]

With regard to an appellant's failure to include a Rule 2119(f) statement,

this Court, in an opinion by P.J.E. John Bender, has relevantly held the

following:

> [W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

_____

[3] The procedure for filing the "petition for allowance of appeal" at the briefing stage is set forth in Pennsylvania Rule of Appellate Procedure 2119(f) as follows:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

We note the concise statement must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa.Super. 2000) (*en banc*). Additionally, the statement must specify "what fundamental norm the sentence violates and the manner in which it violates that norm." ***Id.*** If the statement meets these requirements, this Court must then decide whether a substantial question exists. ***Id.***

***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa.Super. 2004) (citations omitted).

Here, as indicated *supra*, Appellant has failed to include in his brief a Rule 2119(f) concise statement of reasons relied upon for allowance of appeal. Moreover, the Commonwealth has specifically objected to Appellant's omission and requests we dismiss this appeal due to the fatal defect. ***See*** Commonwealth's Brief at 5-7. "Because Appellant failed to comply with Pa.R.A.P. 2119(f) and the Commonwealth objected to the omission, this Court may not review the merits of the claim, and we deny allowance of appeal." ***Kiesel***, 854 A.2d at 533.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2021