J-S67012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TURNER | : | |
| | : | No. 3046 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence August 3, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001329-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TURNER | : | |
| | : | No. 3047 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence August 3, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001336-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TURNER | : | |
| | : | No. 3048 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence August 3, 2016

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001354-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TURNER | : | |
| | : | No. 3050 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence August 3, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001370-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TURNER | : | |
| | : | No. 3051 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence August 3, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001371-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN TURNER | : | |
| | : | No. 3053 EDA 2016 |
| Appellant | | |

J-S67012-17

Appeal from the Judgment of Sentence August 3, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001372-2015

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED NOVEMBER 15, 2017**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant Shawn Turner's guilty plea in six separate cases, which were consolidated in the lower court. On appeal, Appellant contends the trial court abused its discretion in imposing his sentence.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  Following his arrest for six separate robberies,[1] Appellant, who was represented by counsel, proceeded to a hearing on March 22, 2016, at which he entered an open guilty plea to various charges related to the six robberies.[2]  Sentencing was deferred pending a presentence investigation and a mental health evaluation.

_____

*   Former Justice specially assigned to the Superior Court.

[1] Appellant, along with a co-conspirator, robbed two Metro PCS stores, a T-Mobile store, a pizza restaurant, a Tru-Mobile store, and a corner store.  N.T., 3/22/16, at 18-29.

[2] Specifically, he entered an open guilty plea to the following:
   **CP-51-CR-0001329-2015-**robbery (F-1), conspiracy (F-1), possession of an instrument of crime (M-1), and terroristic threats (M-1).

- 3 -

On August 3, 2016, Appellant, represented by counsel, proceeded to a sentencing hearing at which the trial court indicated it had reviewed the presentence investigation report, mental health evaluation, and sentencing guidelines form. N.T., 8/3/16, at 4. The parties agreed that Appellant's prior record score was 1; the offense gravity score for each robbery was 10 and for each conspiracy 9; and under the sentencing guidelines, the standard range was 48 to 60 months plus or minus 12 for each count of robbery and 36 to 48 months plus or minus 12 for each count of conspiracy. *Id.*; Trial Court Opinion, filed 12/23/16, at 4.

The trial court acknowledged that Appellant had "a lot of family" at the sentencing hearing, Appellant was eighteen years old at the time he committed the instant robberies, Appellant was addicted to drugs and alcohol, and Appellant had been candid with presentence investigators as to his role in

---

**CP-51-CR-0001336-2015**-2 counts of robbery (F-1), conspiracy (F-1), possession of an instrument of crime (M-1), terroristic threats (M-1), and simple assault (M-2).
**CP-51-CR-0001354-2015**-2 counts of robbery (F-1) and possession of an instrument of crime (M-1).
**CP-51-CR-0001370-2015**-2 counts of robbery (F-1) and conspiracy (F-1).
**CP-51-CR-0001371-2015**-robbery (F-1), conspiracy (F-1), and possession of an instrument of crime (M-1).
**CP-51-CR-0001372-2015**-2 counts of robbery (F-1), conspiracy (F-1), and possession of an instrument of crime (M-1).
Trial Court Opinion, filed 12/23/16, at 1.

the robberies.  N.T., 8/3/16, at 5-7. The trial court indicated it reviewed statements provided on behalf of Appellant.  *Id.* at 5-6.

Defense counsel admitted that Appellant has "a history of arrests and these particular crimes represent a significant increase in his criminal activity[;]" however, in consideration of Appellant's "strong family support," "young age at the time of th[e] offenses," and acceptance of responsibility for his crimes, defense counsel averred that Appellant has a potential for rehabilitation.  *Id.* at 7, 9.  Defense counsel asked for an aggregate sentence of three years to six years in prison, with a lengthy probationary tail, so that Appellant could receive drug treatment in prison and then have an opportunity to prove he has been rehabilitated.  *Id.* at 8-9.

The prosecutor indicated that Appellant, as a juvenile, was committed to "Saint Gabe's" with a supervision termination date of April 25, 2014.  *Id.* at 9-10.  Based on the dates of the robberies at issue, he had committed at least two of the robberies before he was terminated from supervision as a juvenile.  *Id.*  Further, the prosecutor noted that, within weeks of the juvenile supervision termination, Appellant committed another robbery on May 9, 2014.  *Id.* at 10.  The prosecutor noted that the violence involved with the robberies was progressively increasing.  *Id.* at 10-11.

Opining that Appellant is not amenable to rehabilitation, the prosecutor requested an aggregate sentence of ten years to twenty years in prison, with a consecutive period of ten years' reporting probation.  *Id.* at 11.  Further,

the prosecutor averred that a lengthy prison sentence was required for the protection of the community, noting "[Appellant] did terrorize multiple innocent victims, people who were just doing work. . . .They were just doing their jobs and trying to make a living, and [Appellant] comes in and terrorizes them." *Id.*

Appellant made a statement to the court in which he apologized to the victims, indicating he did not intend to hurt them physically or mentally. *Id.* at 15-16. He indicated he was "a young, absent-minded child at the time [and] [a]ll [he saw] was an opportunity to get some quick money and nothing else." *Id.* at 16. He stated that his drug habit "clouded his better judgment," and when he committed the robberies he was "a lost child trying to find [himself]." *Id.* He noted he is "not really a bad person," and he hoped the victims would forgive him. *Id.*

Appellant further apologized to his family, noting they "tried to instill morals into [his] everyday life" and "tried to steer [him] away from the streets[.]" *Id.* at 16-17. He acknowledged he had "a pretty good upbringing and caring people who supported [him] in everything [he] did." *Id.* He indicated he was raised primarily by his grandmother, who was a teacher as well as a "strong-willed, church-going woman who raised [him] to the best of her ability." *Id.* He noted his father, who is a behavioral specialist counselor, was "also very supportive of [him] in [his] upbringing." *Id.* at 17. He indicated his father came to the grandmother's house every day to help him

with his homework and "teach [him] new things about life[.]" *Id.* His mother

is a nurse. *Id.*

Appellant informed the trial court of the following:

> I was deemed mentally gifted at the age of eight or nine years old. I was reading on a tenth grade level when I was in sixth grade. I completed school a year earlier than when I was supposed to. I ha[ve] certifications in Microsoft Word, PowerPoint, and Excel. And I also have a certification where I'm allowed to work in kitchens and prepare, cook, and serve food.
>
> ***
>
> I was 18 years old at the time for most of these crimes. I'm now 20. I've been locked up for two years. During the two-year period, I got the time to actually sit down and evaluate my situation, and jail is not what I want my life to become, Your Honor.
>
> Before my incarceration when I left placement, I did apply for community college. I took my placement test and picked my courses. The only thing I had left to do was to get approved for my financial aid so I could start. I was going to take up business administration just like my father. If I go home anytime soon, I think I would reapply and try to take psychology courses instead.
>
> Your Honor, all I'm asking for here today is a chance, another chance in life, please. I don't think me sitting in jail for the next few years is going to benefit me in any way. I know what I did was wrong, Your Honor, and I do own up to my mistakes, but could you please have mercy upon me and give me another chance in life, please?

*Id.* at 17-19.

Following Appellant's statement, the trial court indicated the

following:

> I've considered the arguments of both counsel, the presentence report, the sentencing guidelines form. I've considered [Appellant's] allocution, which I do credit, and, again,

the Court recognizes the people in the room for [Appellant] and finds [Appellant] does have some family support.

With the presentence report or attached to the presentence report, the Court made note before today of a letter dated June 10, 2016, from Buena Regional High School, authored by the principal, Mr. Moses White, as well as a letter from Pest Free Maintenance, Inc., authored by Rhonda Griffin on behalf of [Appellant], in addition to the addendum that counsel has passed up.

Among the mitigating factors in this case are [Appellant's] youth. This Court recognizes that there's plenty of room for improvement. This Court recognizes [Appellant's] acceptance of responsibility and, believe it or not, that goes a long way. That's got to be balanced with the conduct in each of these cases and there are many on multiple dates.

As an aggravating factor, [Appellant] has shown that he's not amenable to supervision and his repeated conduct for the same type of crime and criminal history as a whole I believe mandates a sentence that will protect society adequately; also, [Appellant's] rehabilitative needs, given all the information, requires a lengthier sentence than what is proposed by the defense.

*Id.* at 19-20.

The trial court then imposed the following sentence: **CP-51-CR-0001329-2015**-robbery and conspiracy-2½ to 5 years in prison, the sentences to run concurrently; **CP-51-CR-0001336-2015**-two counts of robbery and one count of conspiracy-2½ years to 5 years in prison for each count, the sentences to run concurrently to each other but consecutively to the sentence imposed at CP-51-CR-0001329-2015; **CP-51-CR-0001354-2015**-two counts of robbery and one count of possession of an instrument of crime-2½ to 5 years in prison, the sentences to run concurrently to each other but consecutively to the previously imposed sentences; **CP-51-CR-0001370-**

**2015**-robbery and conspiracy-2½ to 5 years in prison, the sentences to run concurrently to each other, and robbery-2½ to 5 years in prison, the sentence to run consecutively to the previous sentences at this docket number, as well as consecutively to the previous docket numbers; **CP-51-CR-0001371-2015**-robbery, conspiracy, and possession of an instrument of crime-2½ to 5 years in prison, the sentences to run concurrently to each other but consecutively to the previously imposed sentences; and **CP-51-CR-0001372-2015**-two counts of robbery, conspiracy, and possession of an instrument of crime-2½ to 5 years in prison, the sentences to run concurrently to each other but consecutively to the previously imposed sentences.[3]  The aggregate sentence was 17½ to 35 years in prison.

Appellant asked the trial court why it imposed such a lengthy sentence, and the trial court indicated:

> In weighing all the factors together, I think that's what [is] appropriate if you mean anything of what you said during allocution, although this is hard to take.  All right?  I can't ignore this number of violent offenses and you started a long time ago. You're a smart young man and you can put that to use but we also don't need a smart robber.

***Id.*** at 24.

---

[3] The trial court imposed no further penalty for the remaining charges at each docket number. It should be noted that, at docket number CP-51-CR-8881-2014, which is not at issue on appeal, Appellant pled guilty to fleeing or attempting to elude police.  The trial court sentenced him to five years of probation, to run consecutively to the sentences imposed at the docket entries discussed *supra*.

Appellant filed a timely motion for reconsideration of his sentence, which the trial court denied. This timely, counseled appeal followed. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant avers that his sentence is manifestly excessive and is not consistent with the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, and the rehabilitative needs of Appellant. Appellant further avers the trial court abused its discretion in failing to adequately consider the mitigating factors, including Appellant's young age, his acceptance of responsibility, his drug dependency, his mental health issues, and the fact his prior record score was based on a juvenile adjudication of delinquency.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right.[4] *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[4] A defendant who enters an open guilty plea may seek to challenge the discretionary aspects of his sentence on appeal. *See Commonwealth v. Dalbert*, 648 A.2d 16 (Pa.Super. 1994).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006) (citations omitted).

Here, Appellant filed a timely notice of appeal and a timely post-sentence motion adequately preserving his discretionary aspect of sentencing claims. Further, he included a separate Pa.R.A.P. 2119(f) statement in his appellate brief. As to whether Appellant has presented a substantial question, we note the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (citation, quotation marks, and quotation omitted).

This Court has previously found a substantial question to have been raised when an appellant alleged the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of the appellant. ***See Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012). However, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa.Super. 2015) (*en banc*) (quotation and quotation marks omitted). In any event,

assuming, *arguendo*, Appellant has presented a substantial question with regard to both sentencing claims, we find there is no merit to either claim.

It is well-settled that:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

In the case *sub judice*, in rejecting Appellant's discretionary aspects of sentencing claims, the trial court relevantly indicated the following:

[T]he court carefully considered the record before it, the presentence reports, [Appellant's] allocution, the arguments of counsel, and the sentencing guidelines. The court also considered the circumstances of the offenses both in isolation and as a pattern of criminal behavior, N.T., 8/3/16, [at] 20, 24, and the need for protection of society. N.T., 8/3/16, [at] 20. Moreover, two of the robberies were committed while [Appellant] was still under juvenile court supervision for his delinquency adjudication on another robbery. The court concluded from this conduct that [Appellant] was not amenable to supervision. N.T., 8/3/16, [at] 20.

Consistent with 42 Pa.C.S.A. § 9721(b), the court specifically weighed the mitigating circumstances of [Appellant's]. N.T., 8/3/16, [at] 19-20. The court also specifically considered the rehabilitative needs of [Appellant], and addressed those needs both through the duration of the sentence and by ordering that "[w]hile in custody, [Appellant] should undergo a dual diagnosis evaluation to access his needs for treatment, and he should undergo a treatment as long as recommended in that evaluation. His treatment should include anger management." N.T., 8/3/16,

[at] 22. The court also recommended further vocational training. N.T., 8/3/16, [at] 23.

To be clear, during April and May of 2014, [Appellant] and his accomplice went on a crime spree, robbing four (4) phone stores, a pizza parlor, and a corner grocery at point of apparent gun, terrorizing the employees and customers, not only stealing business receipts and merchandise, but even taking money from individual's wallets. N.T., 3/22/16, [at] 24-25. Although the gun was apparently a plastic facsimile, the innocent business persons and customers did not know this, as they were robbed and terrorized by [Appellant] and his partner in crime. Nor was [Appellant] a passive participant or mere lookout. He was an active participant and in the majority of the robberies, the apparent leader. These crimes and threats of violence against businesses and their customers in some of the City's "shoulder" neighborhoods harms not just the individuals, but the very neighborhoods where these businesses are attempting to gain a foothold and serve the local population.

Nor was [Appellant] disadvantaged, lacking a support system or suffering from lack of intelligence or education. To the contrary, he had a supportive family, a good education, and is quite intelligent. N.T., 8/3/16, [at] 16-18. These factors make [Appellant's] crime spree all the more inexcusable and incomprehensible. As the court noted at sentencing: "You're a smart young man and you can put that to use but we also don't need a smart robber." N.T., 8/3/16, [at] 24.

\*\*\*

[T]here were at least eleven (11) victims in these six (6) robberies, and [Appellant] could have been charged with other crimes, including burglary. He was not. The court also did not impose sentence on the "lesser" offenses, nor did it impose all available consecutive sentences on the most serious felonies.

Under all these circumstances, the court concluded that an aggregate sentence of 17½ to 35 years on these six felony of the first degree conspiracy robberies, with an apparent weapon, was necessary and appropriate, and was imposed in accordance with 42 Pa.C.S.A. § 9721(b).

Trial Court Opinion, filed 12/23/16, at 6-8 (footnote omitted).

We find no abuse of discretion. The record reveals the trial court sentenced Appellant in accordance with the factors set forth in Section 9721(b) pertaining to the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of Appellant. Also, the trial court had the benefit of a presentence investigation report, and thus, we can assume the trial court "was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). **See Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa.Super. 2005) ("Since the sentencing court had and considered a presentence investigation report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case."). Accordingly, Appellant is not entitled to relief on his discretionary aspects of sentencing claims.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017

- 14 -